(No. 13145.—Judgment affirmed.)

THE CHALLENGE COMPANY, Plaintiff in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(JOHN CARLSON, Defend-
ant in Error.)

*Opinion filed April 21, 1920.*

WORKMEN'S COMPENSATION—*when the finding that loss of use
of hand is result of injury cannot be set aside.* Where there is evi-
dence in the record justifying the finding of the Industrial Com-
mission that the loss of use of the employee's hand is the result of
an injury for which an award is payable under the Compensation
act, the Supreme Court cannot set aside the finding.

WRIT OF ERROR to the Circuit Court of Kane county;
the Hon. MAZZINI SLUSSER, Judge, presiding.

J. C. M. CLOW, for plaintiff in error.

EMIL BENSON, and MIGHELL, GUNSUL & ALLEN, for
defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

This writ of error is prosecuted, by leave of court, to
review the judgment of the circuit court of Kane county
confirming an award of the Industrial Commission allow-
ing compensation to defendant in error, John Carlson, for
a permanent partial loss of the use of his right hand, grow-
ing out of an injury received in the course of and arising
out of his employment. It is the contention of plaintiff
in error that the loss of the use of the hand is not the re-
sult of said injury.

Defendant in error was fifty-seven years of age at the
time of the accident and had been employed by plaintiff in
error as a wood-worker for about twenty-five years. He
was married and had two children, ten and fifteen years

old, respectively. November 2, 1917, while at his work defendant in error suffered an injury which resulted in the crushing of the end of the index finger and the making of a blood blister on the side and near the distal joint of the middle finger of his right hand. By reason of his work the knuckles of Carlson's fingers had become calloused, and these callouses would become hard and sore, something like a corn. The blood blister was near the edge of the callous on the middle finger of Carlson's right hand. Carlson went to a physician, who dressed his fingers. November 26 he was discharged as cured. About December 5 the callous on the finger where the blood blister had been became sore and Carlson scraped the calloused place with a pocket knife. There is no evidence, however, that in doing so he caused an incision or break in the skin. On December 8 he reported his condition to his foreman when he quit work for the day and on the 9th he went to a physician, who discovered a serious infection in or under the callous. The infection became so serious that it was necessary to remove the finger. As a further result of the infection the other fingers of the hand are stiffened, and the commission found a loss of two-thirds of the use of the right hand. It appears from the testimony of the physicians that it would be necessary to have an incision or wound before an infection could follow, and that it was entirely possible for the infection to be the result of the accident of November 2.

The award is consonant with justice when all the circumstances of the case are considered, and we are not prepared to say that there is no evidence in the record justifying the finding of the commission. With the record in this state we will not set aside such finding.

*Judgment affirmed.*