(No. 15415.—Judgment affirmed.)

THE UNITED STATES FUEL COMPANY, Defendant in Error,
*vs.* THE INDUSTRIAL COMMISSION *et al.*—(ZOE LAN-
NOY, Plaintiff in Error.)

*Opinion filed October 20, 1923.*

1. WORKMEN'S COMPENSATION—*the Compensation act does not
change the burden of proof.* The Compensation act provides a
new method of procedure for obtaining redress for personal in-
jury, but the rules respecting the admission of evidence and the
burden of proof are the same as prevail in common law actions
for personal injury.

2. SAME—*claimant must prove that injury arose out of and in
the course of employment.* Before a claimant can recover compen-
sation he must prove by a preponderance of competent evidence
that the injury arose out of and in the course of the employ-
ment, and proof merely that the accident occurred on the employ-
er's premises is not sufficient.

3. SAME—*accident must be one resulting from a risk reason-
ably incidental to the employment.* To be within the Compensation
act the accident to the employee must be one resulting from a risk
which belongs to or is reasonably connected with what the em-
ployee has to do in fulfilling his contract of service, and if he in-
curs a danger of his own choosing and outside of any reasonable
exercise of his employment, and is injured, the accident is not
incident to his employment.

4. SAME—*when death of coal miner is not within the act.* The
death of a coal miner by falling down the shaft of the mine is not
an accident arising out of and in the course of his employment,
where, although there was no eye-witness, the proof shows that
the gates at the top of the shaft were closed a few minutes before
he arrived at the mine, that he had no authority to open the gates
nor any service to perform by doing so, that it was not time for
the miners to go down to work and no signal had been given the
engineer to place the cage in position for their descent.

WRIT OF ERROR to the Circuit Court of Vermilion
county; the Hon. JOHN H. MARSHALL, Judge, presiding.

SAM GILBERT, for plaintiff in error.

KNAPP & CAMPBELL, (J. L. EARLYWINE, of counsel,)
for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

December 2, 1920, Marcel Lannoy, a young man twenty-three years old, who was then, and had been for six or seven years, in the employ of the United States Fuel Company, defendant in error, was due at his work at the mine at 8:30 P. M. His mother prepared his lunch for him and he took his bucket and started for the mine about 7:40 P. M. Ordinarily it took him seven or eight minutes to walk from his home to the mine. At 7:50 P. M. the pumpman, who was working a few feet from the bottom of the shaft, heard the crash of a falling object, and on going to investigate found Lannoy's dead body. Lannoy's lunch bucket was found a few feet from the entrance to the shaft, where it was customary for the miners to leave their buckets until it was time to go to work. About the time Lannoy left home, John Misavage, a miner, arrived at the mine, put his bucket in the usual place and went to the locker room to change his clothes. He. passed within six feet of the entrance to the shaft and the gates were closed at that time. The miners have no authority to open the gates at the entrance to the shaft, and the evidence in the record is that they did not open them. When the time arrives for the miners to go into the mine, the superintendent or foreman notifies the engineer and the cage is placed at the surface. The man in charge of the gates signals to the engineer by ringing the bell three times that the miners are ready, and the engineer replies by signaling that the cage can be loaded. The gates are then opened and the cage is loaded with miners. The gates' are closed and the gateman signals the engineer by ringing the bell twice. The cage is then lowered. It is not possible for a man to stand on the cage and give the signals to the engineer. If the pumpman or some emergency-man desires to be raised or lowered between shifts he notifies the engineer and someone is sent with him to give the proper signals. When the cage is not in use it stands be-

tween the ground level and the top of the tipple. It was in that position at the time Lannoy fell into the shaft.

The sole controverted question is whether the accident arose out of and in the course of decedent's employment. The commission found that it did and entered an award accordingly. On *certiorari* to the circuit court of Vermilion county the award was set aside, and this court has allowed a writ of error to review the judgment of the circuit court.

The Workmen's Compensation act provides a new method of procedure for obtaining redress for personal injuries but it does not change the rules of evidence nor the burden of proof. The rules respecting the admission of evidence and the burden of proof are the same as prevail in common law actions for personal injury. (*Chicago Daily News Co.* v. *Industrial Com.* 306 Ill. 212.) Before a claimant can recover compensation he must prove by a preponderance of competent evidence that the injury arose out of and in the course of the employment. Liability under the Compensation act cannot rest upon imagination, speculation or conjecture,—upon a choice between two views equally compatible with the evidence,—but must be based upon facts established by a preponderance of the evidence. *Camp Spring Mill Co.* v. *Industrial Com.* 302 Ill. 136; *Savoy Hotel Co.* v. *Industrial Board,* 279 id. 329.

In *Peterson & Co.* v. *Industrial Board,* 281 Ill. 326, an aged employee was found wandering about the factory about half an hour after work had ended for the day. He was in a dazed condition, was unable to speak and was found to have a broken collar-bone. He lingered in bed in a semi-conscious condition for about two weeks and then died. Compensation was denied on the ground that there was no proof that his death was the result of an industrial accident arising out of his employment.

In *Wisconsin Steel Co.* v. *Industrial Com.* 288 Ill. 206, a blast-furnace worker who was employed on the night shift

in a plant near the Calumet river disappeared from the plant about midnight and two days later his body was found in the river about 200 feet from the place of his employment. There was no proof, direct or circumstantial, to show why he went to the river or whether he went there in fulfilling any duty of his employment or in doing anything incidental to his employment. It was held that it was as reasonable to infer from the evidence that he went to the river as a voluntary act outside the duties of his employment, without the knowledge of his employer, and was drowned, as it was to infer that he was acting in the line of the duties of his employment or engaged in something incidental to it, and compensation was accordingly denied.

To warrant recovery under the Compensation act it is not necessary to prove that the employee was at the time of the accident actually engaged in his employment, for frequently he is entitled to recover where he receives injuries on the premises of the employer while he is going to or returning from his work, (*Western Coal Co.* v. *Industrial Com.* 296 Ill. 408; *Schweiss* v. *Industrial Com.* 292 id. 90;) but the provisions of the Compensation act cannot be extended to cover injuries which do not occur in the course of or arise out of the employment. The accident must be one resulting from a risk reasonably incidental to the employment,—that is, a risk which belongs to or is connected with what a workman has to do in fulfilling his contract of service. Where an employee engaged in a voluntary act not accepted by or known to his employer and outside the duties for which he is employed is injured, it cannot be said that his injury arises out of his employment. Where he chooses to go to a dangerous place where his employment does not necessarily carry him, and where he incurs a danger of his own choosing and one outside of any reasonable exercise of his employment, his act is not an incident to his employment. (*United Disposal Co.* v. *Industrial Com.* 291 Ill. 480; *Mueller Construction Co.* v. *Industrial Board,*

283 id. 148;  *Northern Illinois Traction Co.* v. *Industrial Board,* 279 id. 565;  *Boorde* v. *Industrial Com. ante,* p. 62.) In *Weis Paper Mill Co.* v. *Industrial Com.* 293 Ill. 284, an employee whose duty it was to pitch straw from a stack to wagons that were conveying it to the mill, during a period of idleness lay down in the shade of a box-car standing on a side-track.   While he was lying there a switch engine moved the car so that it ran over his legs and crushed them. After reviewing many authorities this court held that the injury did not arise out of the employment.   In *Mix Dairy Co.* v. *Industrial Com.* 308 Ill. 549, the driver of a delivery wagon was found dead in an areaway between two buildings.   He had been shot, and it was clear that the injury received by him occurred in the course of his employment. It was held, however, that there was no evidence to show any connection between the employment and the injury and that there was a total failure of proof to establish that the injury arose out of the employment.

There were no eye-witnesses to the accident which resulted in Lannoy's death and so there is no explanation of his falling into the shaft.   The undisputed evidence is that the gates were closed a few minutes before Lannoy arrived on the premises of his employer.   It was not a part of his duty to open the gates, and, furthermore, he had no authority to open them.   He could not possibly perform any service for his employer by opening the gates when he was there alone.   He could not let himself into the mine, and he had no duties to perform until the time came for him to be lowered to his work.   Why he opened the gates and how he happened to fall into the shaft will never be known.   It is an unfortunate, unexplained accident, and, regrettable as it is, it is impossible to say from the evidence in the record that it arose out of his employment.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*