(No. 15962.—Reversed and remanded.)

THE FREEMAN COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SUSAN H. STEGER, Defendant in Error.)

*Opinion filed December 16, 1924.*

WORKMEN'S COMPENSATION—*burden is on the claimant to prove causal connection between employment and injury.* Evidence that a coal miner complained of soreness of the scrotum while at work, that the soreness was due to a chafing of the skin, and that an infection followed which resulted in his death, is not sufficient to justify an award of compensation to the widow where there is no proof that the chafing arose out of and in course of the employment.

FARMER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

JOHNSON & PEFFERLE, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to review a judgment of the circuit court of Williamson county confirming an award, amounting to $3500, in favor of the widow of Samuel L. Steger, the award being based on a finding that Steger's death resulted from an injury received in the course of and growing out of his employment as a miner in one of the mines of plaintiff in error.

Albert Watson, a miner, testified that April 8, 1921, he visited the room where Steger was loading coal; that he went into the room to joke with Steger; that while he was talking with him Steger grabbed his scrotum and said it hurt; that he saw Steger leave the room where he was working and did not see him in the mine again and was of the opinion that Steger did not work any more. Roy Durham testified that he saw Steger at the mine frequently; that the overalls worn by Steger were patched in front; that at the conclusion of each day's work Steger changed his clothes in the wash-house and left his pit clothes in a locker; that miners' clothes become dirty and stiff from perspiration and dust when they are not frequently washed. Dr. G. C. Chamness testified that he was called to the home of Steger on April 12 and found him sick with fever; that he examined his body and found on the right side of the scrotum an abrasion about the size of a middle-sized finger nail. The glands in his right groin were swollen and he was suffering pain. From day to day the swelling increased and gangrenous spots appeared in the region of the scrotum and groin. The infection spread, affecting his heart and brain, and death resulted.

Prior to April 8 Steger was a strong, healthy man, and it is reasonable to conclude from the evidence that he died

as a result of infection from the abrasion on his scrotum. The question presented is whether the proof shows that this abrasion was an injury arising out of his employment. The injury was not a puncture, cut, tear or break, which occurs at once, but was a chafe, which occurs gradually. In *Chicago and Alton Railroad Co.* v. *Industrial Com.* 310 Ill. 502, the act of the injured man manifesting pain was due to a rupture occurring at the instant of the act, whereas in this case the act of Steger was evidence only that an existing wound was being irritated. There is no proof in the record to show what caused the chafe or when and where it occurred. Defendant in error claims it was caused by the stiff, patched pit clothes of deceased, but there is no proof in the record that the clothes he wore on the day of the accident were patched or dirty or stiff. The testimony is that some time during the month he wore patched overalls and that miners' clothes generally become dirty and stiff if they are not washed frequently. The burden was on defendant in error to prove that the chafe occurred in the course of Steger's employment, that it arose out of his employment, and that the chafe was the seat of the infection which caused his death. (*United States Fuel Co.* v. *Industrial Com.* 310 Ill. 85; *Jersey Ice Cream Co.* v. *Industrial Com.* 309 id. 187; *Chicago Daily News Co.* v. *Industrial Com.* 306 id. 212.) Defendant in error has not proved a causal connection between the employment and the death of deceased, and for that reason the award must be set aside.

The judgment is reversed and the cause is remanded to the circuit court, with directions to remand it to the Industrial Commission for further proceedings.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.