W. J. DAMBOLD, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(NELLIE A. MARTIN, Defendant in Error.)         •

*Opinion filed October 28, 1926—Rehearing denied Dec. 10, 1926.*

1. WORKMEN'S COMPENSATION—*general rule as to when workman is in course of employment.* A workman is said to be in the course of his employment when, within the time covered by such employment, he is doing something he might reasonably do while so employed, at a place where he might be while in that employment.

2. SAME—*whether an injury in going to and from work is in course of employment depends on facts.* Whether an employee, when injured in going to or from his work, is in the line of his employment depends upon the facts and circumstances of the particular case, but as a general rule a man's employment does not begin until he reaches the place where he is to work, or the scene of his duties, and does not continue after he has left.

3. SAME—*when injury on way to work is not compensable.* An award of compensation for the death of an employee who was struck by a train while on his way to work cannot be sustained where there is no showing that the employer required a particular route to be followed in reaching the place of employment and where the evidence tends to show that the employee chose to take a short cut down the railroad track instead of following the public highway to the place of employment.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

MORRISSEY, SULLIVAN & RUST, (JOHN O. MORRISSEY, of counsel,) for plaintiff in error.

COSTIGAN & WOLLRAB, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The circuit court of McLean county confirmed an award of the Industrial Commission granting compensation to defendant in error for the death of her husband, Harvey W. Martin, who was struck and killed by a west-bound pas-

senger train on the Cleveland, Cincinnati, Chicago and St. Louis (Big Four) railroad while on his way to work at the place of business of plaintiff in error in the city of Bloomington. Deceased had been employed as a teamster by plaintiff in error. His duties required that he go to plaintiff in error's barn each day in time to have his team ready for work at seven o'clock in the morning. Plaintiff in error's place of business is located on South McLean street, adjoining the right of way of the Lake Erie and Western railroad. The tracks of this road extend along the north side of the Big Four tracks, each road extending in a northwesterly direction through the city of Bloomington. There is a crossing over these tracks at Gridley street, about 500 feet west of plaintiff in error's place of business. The deceased lived south of the railroad tracks and west of the Gridley street crossing. The Big Four has three tracks and the Lake Erie and Western four tracks crossing Gridley street. The tracks of the two roads are about twenty feet apart. In order to reach his place of employment by public highway deceased would proceed north on Gridley street, cross the tracks of both railroads to Oakland avenue, thence east to McLean street one block, thence south on that street to the place of his employment. It appears that deceased on the morning of the accident resulting in his death, upon reaching the Gridley street crossing, crossed the tracks of the Big Four and then started east along those tracks, and when a few steps in front of a west-bound engine stepped in front of it and was struck and killed.

The question involved in the case is whether or not at the time of his death the deceased was within the scope of his employment and whether his injury arose out of and in the course of his employment. The evidence of the train crew shows that he was east of the public crossing at Gridley street and was walking east on the railroad right of way when struck. It appears that this route is a few hundred feet shorter than that following the public streets.

There is no public way between the tracks of the two railroads.

A workman is said to be in the course of his employment when he, within the time covered by such employment, is doing something he might reasonably do while so employed, at a place where he might be while in that employment. The test relates to time, conduct and place. The words "arising out of" indicate a causal relation. (*Dietzen Co.* v. *Industrial Board,* 279 Ill. 11.) There may be circumstances under which an employee, in going to and returning from his place of employment, could be held to be in the line of his employment, but such cases are governed and controlled by their own particular facts and circumstances. (*Fairbank Co.* v. *Industrial Com.* 285 Ill. 11.) The general rule followed in construing the Workmen's Compensation act is, that a man's employment does not begin until he reaches the place where he is to work or the scene of his duties and does not continue after he has left. (Bradbury on Workmen's Compensation,—3d ed.—468; *Schweiss* v. *Industrial Com.* 292 Ill. 90; *Houlehan* v. *Pullman Co.* 124 Atl. (Pa.) 640.) It appears from the evidence in this case that the employment of the deceased did not begin until he arrived at the barn of his employer. The evidence shows that his employer did not require that he travel in a particular route in going to and from his place of employment.

The cases cited by counsel for defendant in error in support of their contention that an employee killed while going to his work is within the scope of his employment when killed have been so decided on the ground that the employer required a particular route to be traveled or the route followed was the only one open to the employee. The deceased in this case was left to his own choice of a method of reaching his place of employment. He chose to take a route more dangerous than that afforded to the public. When an employee chooses to go over a route of this

character it cannot be said that his act in so doing was incident to his employment. (*Lumaghi Coal Co.* v. *Industrial Com.* 318 Ill. 151; *United Disposal Co.* v. *Industrial Com.* 291 id. 480; *Nelson Construction Co.* v. *Industrial Com.* 286 id. 632; *Kent* v. *Virginia Chemical Co.* 129 S. E. (Va.) 330; *Roberts' case,* 126 Atl. (Me.) 573.) There are in this case, therefore, no circumstances which take the case out of the general rule that an employer is not liable under the Workmen's Compensation act for injuries received by the employee while on the road to or from his employment.

The judgment of the circuit court will therefore be reversed and the award set aside.

*Judgment reversed and award set aside.*