## R. L. DITZLER POULTRY COMPANY v. FORSYTHE ET AL.

[No. 12,892.    Filed April 29, 1927.]

MASTER AND SERVANT.—*One employed to drive a huckster truck is not in course of employment while driving his own car home from work in the evening.*—The driver of a huckster truck, whose day's work was finished when he had stored the truck in his' employer's garage in the evening, was not in the course of his employment while driving his own car to his home, in the evening, after his day's work was done, and his wii ₁ and son were not entitled to compensation for his accidental death on such trip.

From Industrial Board of Indiana.

Application by Altha Forsythe and another for compensation under the Workmen's Compensation Act, for the death of Herbert S. Forsythe, opposed by the R. L. Ditzler Poultry Company, employer.    From an award of compensation, the employer appeals.    *Reversed.*    By the court in banc.

*Arthur W. Parry,* for appellant.

NICHOLS, J.—Application by appellees for an award of compensation under the provisions of the Workmen's Compensation Law against appellant, because of the accidental injury to, and the death of, Herbert S. Forsythe, the husband and father, respectively, of appellees.

The Industrial Board found that at the time of his accident and death, appellees' decedent was in the employ of appellant at an average weekly wage of $23.49; that his injury and death were the result of an accident arising out of and in the course of his said employment, and that appellees were respectively his widow and his son, who were totally dependent upon him for support, and awarded compensation at the rate of $12.92, and $100 for funeral expenses, from which this appeal.

It appears by the undisputed evidence that the deceased had been employed by appellant but ten days prior to the accident.    He lived at Huntington at the

time, and had lived there for about six years. His work was out of South Whitley, about sixteen or eighteen miles from Huntington. He drove a huckster truck out of South Whitley, and, in order to reach his work, he drove his own car from Huntington to South Whitley in the morning and home in the evening. He was intending to get a home in South Whitley, but had been unable to find one so far. His day's work was finished when he had stored his truck in the garage at South Whitley, in the evening. On the day of the accident he was on his way home from South Whitley to Huntington driving his own car, in the evening, after his work was done, when by accident he was killed. On these facts taken from appellant's brief, appellee having failed to file a brief, we must hold that appellant's decedent was not in due course of his employment when killed.

Award reversed.

Dausman, J., absent.