(No. 19330.—

P. E. SHEGART *et al.* Defendants in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GEORGE KRAFT, Plaintiff in Error.) *Opinion filed October 19, 1929.*

W. J. MacDonald, and T. S. Morgan, for plaintiff in error.

Pope & Driemeyer, for defendants in error.

Mr. Justice Stone delivered the opinion of the court:

The circuit court of St. Clair county set aside an award of the Industrial Commission made on behalf of plaintiff in error, and the cause comes here by writ of error.

Plaintiff in error was injured when a train on the track of the Illinois Central railroad struck a truck in which he was riding. He filed his petition for compensation against defendants in error, P. E. Shegart and N. W. Blythe, doing business as the P. E. Shegart Construction Company, and Henry Funk and Arthur Griesbaum. The Shegart Construction Company were contractors engaged in building an additional embankment along the right of way of the Illinois Central railroad in St. Clair county. Funk and Griesbaum were sub-contractors engaged in putting tile culverts into the embankment. The application for compensation was filed against the principal contractors under section 31 of the Workmen's Compensation act, because Funk and Griesbaum, sub-contractors, who, it is claimed, employed plaintiff in error, had not insured their employees under the act against injury. Plaintiff in error received injuries consisting of a fractured skull and three fractured ribs, and the arbitrator before whom testimony was taken found him to be wholly and permanently incapable of work, and held the principal contractors, as well as the sub-contractors, liable. On review before the Industrial Commission that body found temporary total incapacity and found liability only in the sub-contractors. The circuit court, on review by *certiorari,* found that at the time of

the injuries complained of Kraft was not an employee of either the sub-contractors or the principal contractors, and that the Industrial Commission was without jurisdiction to entertain the application.

The first question involved is whether the injuries arose out of and in the course of the employment of the plaintiff in error. He testified that on the morning of the accident Henry Funk hired him to go to work at four dollars per day and told him to work along the track of the Illinois Central; that he got into the truck belonging to Funk and Griesbaum to go from Belleville, where he lived, south to the place where he was employed; that he rode in this truck to the work and that as the truck was crossing the Illinois Central railroad track it was struck by a train. He stated on cross-examination that his wages were to be $4.50 per day; that he made this agreement before he got into the truck; that he was hired to put in new track and that he knew it was common laboring work; that his place of work was about twenty-five or thirty feet down the track from where he was struck, and that he was to get out of the truck when he got to the railroad and walk down to the place where he was employed.

Henry Funk was called on behalf of Kraft and testified that on the morning of this accident he and his partner were putting in heavy sewer pipe for the Illinois Central railroad, working as sub-contractors under Shegart and Blythe; that on that day they were working between 100 and 200 yards south of the Leamington crossing, near the Illinois Central railroad tracks; that the night before the accident he saw plaintiff in error for the first time and that the latter wanted a job, and he told him to go out and see if the work suited him, and if it did he could go to work. Funk testified he did not employ him at that time; that he told him that it was muddy work, and that plaintiff in error said he would go down and look at it, and if it suited him he would take it. He testified that the matter of

wages was not discussed; that they were paying their men thirty cents to thirty-five cents an hour and giving them their dinner, and that the injury occurred before they got to the place where the work was to be done.

This was all of the testimony with reference to the employment of plaintiff in error. It is undisputed that the truck in which plaintiff in error was riding had not yet reached the place of the employment. The general rule is that employment does not begin until the employee reaches the place where he is to work or the scene of his duties and does not continue after he has left. (*Dambold* v. *Industrial Com.* 323 Ill. 377; *Schweiss* v. *Industrial Com.* 292 id. 90; *Houlehan* v. *Pullman Co.* 124 Atl. (Pa.) 640; Bradbury on Workmen's Compensation,—3d ed.—468.) In *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 239, where one Stavros Geanules had been employed to go to work on the railroad on the following Monday and furnished a pass to the siding where the bunkhouse in which he was to live was located and had arrived at this bunk-house when he received injuries by being struck by a car on the railroad right of way, it was held that these facts did not constitute evidence that he was in the employ of the railroad company, as he was not to go to work until at a future time, and that his representative was not entitled to compensation. In this case, even though it be said that the commission were justified in finding that Kraft had been employed by Funk and Griesbaum, there is no evidence that he had reached the place of employment at the time of his injury, and the circuit court was therefore right in setting aside the award.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*