(No. 20535.—

IRWIN-NEISLER & Co., Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(LEWIS M. SAWYER, Defend-
ant in Error.)

*Opinion filed October 23, 1931—Rehearing denied Dec. 2, 1931.*

VAIL, ALLEN, MILLS & ARMSTRONG, for plaintiff in error.

McMILLEN, McMILLEN & GARMAN, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Lewis M. Sawyer made application to the Industrial Commission for an award against Irwin-Neisler & Co., a corporation, on account of personal injuries. The evidence was heard by an arbitrator, who made an award in favor of the applicant. Upon review the award was confirmed by the Industrial Commission and by the circuit court of Macon county upon *certiorari,* and the case comes to this court upon writ of error.

Sawyer was a chemist and was in the employ of plaintiff in error in its laboratory in Decatur, Illinois. By the terms of his employment he was entitled to a vacation of one week each year with pay. He spent his vacation in the summer of 1928 at Laporte and Peru, Indiana. The vacation was to begin at the close of business on Saturday, August 18, and was to end at the opening of business on Monday, August 27. A day or two before starting on his vacation, Ernest T. Kirkland, president of plaintiff in error, asked Sawyer to stop in Lafayette, Indiana, on the return from his vacation and make a survey among the druggists and physicians in that city to determine why a certain product was not selling better in Lafayette. Kirkland gave Sawyer for distribution some samples and circulars. According to the testimony of Kirkland he asked Sawyer to do this work on company time the day following his vacation. He stated that it would have been necessary to have sent someone else to do the work if Sawyer had not done

it. On Monday morning, August 27, Sawyer left Peru and drove to Lafayette, where he interviewed druggists and left circulars. About 2:30 in the afternoon he started for Decatur and went the most direct route through Danville, Ogden and Champaign. At Attica, Indiana, he picked up an old man who asked to ride with him as far as Champaign. Shortly before they reached Ogden they made a sharp turn to the right on the paved highway and the car tipped to the left and turned over. Sawyer put out his left hand to protect himself from the impact and his hand and arm were crushed. According to his testimony no one else was on the highway and he was going fifteen or twenty miles an hour. His explanation of why the car turned over was that he had new tires on the car which held straight to the pavement, that the pavement was of brick and was rough, and there was no load in the rear seat to hold the car down.

Sawyer testified that in making trips to Peru he always went and returned by way of Watseka and he would have returned that way on this occasion if it had not been for the work in Lafayette and that he would have returned on Sunday instead of Monday. It does not appear from the evidence that the route from Peru to Decatur is any shorter or any better through Watseka than through Lafayette and Danville. Subsequent to the accident Sawyer made a report of his work in Lafayette to Kirkland, who sent a detail man to Lafayette to further investigate. Sawyer did not turn in an expense account for his investigation, but the evidence shows that if he had done so it would have been paid by his company. Although Sawyer was not a trained salesman, Kirkland testified he was particularly fitted for this investigation and had made several similar trips to Bloomington a few years before.

It is contended by plaintiff in error that the injury neither arose out of nor in the course of the employment. In order to recover it was incumbent upon Sawyer to prove

that the injury arose out of and in the course of the employment. (*United States Fuel Co.* v. *Industrial Com.* 310 Ill. 85.) The words "out of" point to the origin of the cause of the accident, and the words "in the course of" point to the time, place and circumstances under which the accident occurred. The accident must result from a risk incidental to the employment and while the employee is doing that which he is reasonably required to do within the time of his employment and at the place where he may reasonably be expected to be while discharging the duties of his employment. *Board of Education* v. *Industrial Com.* 321 Ill. 23.

The first question is whether at the time of the accident Sawyer was in the course of his employment. The general rule is that an employment does not begin until the employee reaches the place where he is to work and does not continue after he has left the place of his employment. (*Shegart* v. *Industrial Com.* 336 Ill. 223; *Dambold* v. *Industrial Com.* 323 id. 377.) This rule, however, is not applicable where the duties of the employee necessarily take him away from the premises of the employer. (Angerstein on Workmen's Comp. (rev. ed.) 1930, sec. 88.) Under such circumstances the employer may still be liable if the employee is injured and the injury arises out of and in the course of the employment. (*Solar-Sturges Manf. Co.* v. *Industrial Com.* 315 Ill. 352.) Whether an employee who is on the way to or from his place of employment is in the line of his employment depends upon the circumstances of each case and is largely a question of fact. In *Porter Co.* v. *Industrial Com.* 301 Ill. 76, the employee was a traveling salesman. He returned from his trip about 11:00 A. M. on an interurban car. The car passed near his home, where he stopped for lunch, after which he started to the office to make a report. While crossing the street to get a street car he was struck by an automobile and injured. It was held that he was in the course of his

employment and that the stopping to eat his lunch was not sufficient, of itself, to take the accident out of the operation of the statute. In *Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148, the duties of the employee required him to cross the street to telephone, and while so doing he was struck by an automobile and injured. It was held that the accident arose out of and in the course of his employment. In *Solar-Sturges Manf. Co.* v. *Industrial Com. supra,* the employee, a salesman, went on a street car to call on a customer. He got off on the side of the car near the customer's address so he would not be required to cross the tracks to reach his destination. The employer allowed him an expense account to be used in buying cigars for customers. The employee crossed the car track and bought some cigars and in returning was struck by a street car. It was held that the injury arose out of and in the course of his employment.

Plaintiff in error contends that as Sawyer was on the way to his home rather than to the office of the company he was not in the course of his employment. It has uniformly been held that when an employee travels for his employer and returns after working hours he remains in the course of his employment on the way to his home (*State* v. *District Court,* 141 Minn. 348, 170 N. W. 218; *Hilding* v. *Department of Labor and Industries,* 298 Pac. (Wash.) 321;) and on the way to his office on the following day. (*Krapf* v. *Arthur,* 297 Pa. 304, 146 Atl. 894; *Ætna Life Ins. Co.* v. *Schmiedeke,* 192 Wis. 574, 213 N. W. 292.) In *Haddock* v. *Edgewater Steel Co.* 263 Pa. 120, 106 Atl. 196, Haddock was an engineer employed in Allegheny county on a salary, with no fixed hours of service. He was instructed by the president of the company to go to Lowellville, Ohio, and make certain examinations and obtain certain information. He went to Lowellville, made the examination and returned home the same evening. About 11:30 P. M., while on the way to his residence, he was

struck by an automobile and killed. In sustaining an award the court said: "This is not the case of an employee injured, after regular working hours, on the way to his home, and we agree with the court below that there is nothing upon the record to show Haddock had, at the time of the accident, 'ceased to be active in the furtherance of his employer's business.' True, the facts as found indicate that plaintiff's husband intended stopping at his own residence to sleep for the night before reporting the results of his trip of investigation, but none the less he was still upon his employer's errand and in that sense actually engaged in the furtherance of the latter's business or affairs. Since deceased was compelled to return to the city at an hour when he could not at once communicate with his superior and had to stay somewhere until he could report, he can not be charged with a departure from his employer's service because, when hurt, he was going to his home for a lodging rather than to an hotel. Hence the findings of the referee are ample to sustain the ultimate conclusion upon which the award of compensation rests, to the effect that plaintiff's husband met his death by accident during the course of his employment with the defendant company."

Counsel for plaintiff in error cite *Fairbank Co.* v. *Industrial Com.* 285 Ill. 11, in support of their contention that Sawyer was on his own private enterprise on his way home from Lafayette. The facts in the present case bring it more nearly within the decision of *Porter Co.* v. *Industrial Com. supra,* and do not bring it within the rule announced in the *Fairbank case.*

Counsel also cite *Marks' Dependents* v. *Gray,* 251 N. Y. 90, 167 N. E. 181, and *London Guarantee and Accident Co.* v. *Industrial Accident Co.* 190 Cal. 587, 213 Pac. 977. In the *Marks case* the employment out of which the claim arose was merely incidental to the employment. The *London Guarantee case* does not correctly state the law of Illi-

nois. (*Porter Co.* v. *Industrial Com. supra.*) Both of these cases were decided by a divided court, and in the *London Guarantee case* a strong dissenting opinion was filed.

It is undisputed that on account of the inspection at Lafayette, Sawyer started his return trip to Decatur on Monday when he would otherwise have returned on Sunday and went by way of Danville when he would otherwise have gone by way of Watseka. He carried samples and circulars, which he delivered as directed. It would have been necessary for some other person to have made the trip if Sawyer had not gone. Kirkland considered Sawyer particularly fitted for this work. He requested Sawyer to make the inspection the day following his vacation, on company time, and the company would pay the expenses for the work, such as hotel bills, meals and transportation. At the time of the accident Sawyer was engaged in the work of plaintiff in error, and the injury was sustained in the course of the employment.

As to the contention that the injury did not arise out of his employment there is little merit. Automobiles do not ordinarily turn over under circumstances such as are described by Sawyer in this case, but such an accident is possible as one of the risks of the business in which Sawyer was engaged and as incidental to it. *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11; *Falkner* v. *Stratton,* 245 N. Y. 542, 157 N. E. 850.

The judgment of the circuit court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*