BOYCE ET AL. *v.* GIRTON ET AL.

[No. 16,223. Filed October 21, 1938. Rehearing denied November 29, 1938.]

*Rawley & Stewart, Bert M. Laymon* and *Weiss, Seligman & Born,* for appellants.

*Glenn W. Pierce, White, Wright & Boleman* and *William E. Hart,* for appellees.

WOOD, J.—The appellants, as the surviving widow and children, respectively, of Harry E. Boyce, filed an application with the Industrial Board against the appellees for an adjustment of compensation for the death of said Harry E. Boyce, as the result of an injury by accident arising out of and in the course of his employment by the appellees.

Upon a hearing by the full Industrial Board, a majority thereof made a finding and entered an award denying appellants compensation, from which action they have appealed, assigning as error for reversal, that the award of the full Industrial Board is contrary to law.

A majority of the full Industrial Board made a finding of facts in words and figures as follows:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds that on July 13, 1937, one Harry E. Boyce came to his death as the result of an accidental injury; that at the time of his death the said Harry E. Boyce was living with his wife, Lillie M. Boyce, Evelyn I. Boyce, a daughter, and Opal Y. Boyce, a daughter, all of whom were wholly dependent upon him for support; that on November 1, 1937, plaintiffs herein filed their application for the adjustment of a claim for compensation.

"And the Full Industrial Board further finds, by a majority of its members, that the said Harry E. Boyce was an atypical employe of defendants, working as opportunity offered; that the average wage of the said Harry E. Boyce while in the employ of the defendant was more than $8.80 and less than $16.00 a week; that on July 12, 1937, the said Harry E. Boyce was employed by defendant to deliver a truck load of coal to Noblesville, Indiana; that one Smith, tipple boss for defendant, volunteered to accompany the said Boyce on the trip, to pilot the said Boyce through the City of Indianapolis; that Boyce and Smith went to the mine of the defendant on July 13 (July 12), 1937, loaded the truck, started for Noblesville; that on the way to Brazil trouble developed with the truck; that the truck was taken to a garage in Brazil where it was found that necessary repairs would take some time; that Smith then told Boyce the trip to Noblesville would be postponed to the next day; that Boyce could quit for the day; that he (Smith) would take the truck to the tipple of the defendant, some two miles to the west of Brazil; that Boyce should report to the tipple the following morning, when the trip to Noblesville would be made; that Smith did take the truck to the tipple; that on the morning of July 13, 1937, the said Boyce left his home in his own car and while on his way to the tipple the said Boyce was in an automobile accident and was killed; that the place of this accident was some two miles from the tipple.

"It is further found by the Full Industrial Board,

by a majority of its members, that the death of the said Harry E. Boyce was not due to any accidental injury arising out of and in the course of his employment with the defendant.

"And the Full Industrial Board now finds, by a majority of its members, for the defendants on plaintiffs' application."

In their brief, counsel for appellants say that "The sole question will be whether the accident resulting in employee's death arose out of and in the course of his employment." In support of their contention that the appellants are entitled to compensation because of the death of the husband and father, counsel have cited and rely upon the case of *Livers* v. *Graham Glass Co.* (1931), 95 Ind. App. 358, 177 N. E. 359; *Williams* v. *School City of Winchester* (1937), 104 Ind. App. 83, 10 N. E. (2d) 314; *Hunt* v. *Gaseteria, Inc.*, ante 197, 12 N. E. (2d) 992.

The character and nature of the contract of employment existing between the employer and employee and the duties to be performed thereunder in the above cases are so entirely different from those disclosed by the record before us, that they cannot be considered as controlling precedents in the instant case.

The facts, as found by a majority of the full Industrial Board, and an examination of the record discloses that they are supported by uncontradicted evidence, reveal that Harry E. Boyce was not a regular employee of appellants, assigned to the performance of duties that required him to keep himself in continuous readiness to answer their call at any time or place. He was not employed regularly by the day, week, month or year, but his employment was intermittent in its character. On July 12th, 1937, after the truck in which Boyce was to deliver the coal developed mechanical trouble, he was relieved from further duties and returned to his home with the understanding that he should report for work

on the next morning when he, in company with the mine boss, would make the trip to Noblesville with the load of coal. Boyce's responsibility for the truck and its contents ceased when he was permitted to leave them in the custody of his superior and return home. From that time until he was to report for duty the next morning and enter upon the performance thereof, he was not engaged in the employment of appellees.

It is apparent from the entire record that when Boyce suffered the accident resulting in his death, he at that time was en route to the place where he was to perform his duties as employee of appellees and that therefore appellees are not liable to his dependents for compensation. The following cases support this conclusion: *R. L. Ditzler Poultry Co.* v. *Forsythe et al.* (1927), 86 Ind. App. 136, 156 N. E. 406; *Boyd* v. *Chase et al.* (1929), 89 Ind. App. 374, 166 N. E. 611; *Dubbert* v. *Beucus* (1933), 96 Ind. App. 390, 185 N. E. 311; *Mitchell* v. *Ball Bros. Co.* (1933), 97 Ind. App. 642, 186 N. E. 900; *Shegart et al.* v. *Industrial Commission et al.* (1929), 336 Ill. 223, 168 N. E. 288.

The award of the full Industrial Board is affirmed.

Stevenson, J., not participating.