(No. 4346-

CORINNE W. ARNOLD, WIDOW, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 9, 1951.*

OTTO M. HAMER AND JOHN P. DERNING, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Corinne W. Arnold, widow of Clarence C. W. Arnold, deceased, seeks to recover from respondent under the Workmen's Compensation Act for the death of her husband in an accident that arose out of and in the course of his employment as District Maintenance Engineer for District 10 (Cook County) in the Division of Highways of the Department of Public Works and Buildings.

The Departmental Report on file herein reads in part as follows:

. "On September 12, 1950, Mr. Arnold drove to Springfield from his home in Mt. Prospect, Illinois, for conferences in the Bureau of Maintenance, Division of Highways. The trip was made at the instance of Mr. Arnold's superiors in Chicago and Springfield. The car driven by Mr. Arnold was regularly assigned to him and owned by the Department of Public Works and Buildings, Division of Highways.

"After completion of his work in Springfield, Mr. Arnold left that city at approximately 4:00 P.M., Central Standard Time, by way of Route U. S. 66. At approximately 8:00 P.M., Central Standard Time, Mr. Arnold was northeast bound on Route U. S. 66 in his proper traffic lane a short distance west of its intersection with State Bond Issue Route 53 in Will County. A tractor-semitrailer unit was southwest bound on Route U. S. 66. When passing through the intersection with Route 53, the tractor-semitrailer unit crossed the centerline of Route U. S. 66 into and along the lane for northeast bound traffic. At a point approximately 85 feet west of Route 53, the tractor-semitrailer unit and the car operated by Mr. Arnold collided head-on. Mr. Arnold was fatally injured and the car he operated was demolished. A passing motorist came upon the scene of the accident and notified the State Police. The State Police dispatched a squad car to the scene of the accident and placed a call for an ambulance. Mr. Arnold was taken to the St. Joseph's Hospital, Joliet, Illinois, where Dr. John Sadauskas, an interne, pronounced him dead. The hospital records described Mr. Arnold's injuries as, 'Skull fractures and crushing internal injuries. (As diagnosed by Coroner Willard G. Blood, Joliet, Ill.)'"

In view of the foregoing and corroborating oral testimony, Clarence C. W. Arnold came to his death as a result of an accident that arose out of and in the course

of his employment, and his widow is entitled to an award under Section 7 of the Workmen's Compensation Act. *Foster* v. *State,* 8 C.C.R. 340; *Connell* v. *State,* 8 C.C.R. 452; *Miller* v. *State,* 16 C.C.R. 194; *Gill* v. *State,* opinion filed July 7, 1950; *Irwin-Neisler & Co.* v. *Ind. Com.,* 346 Ill. 89; *General Concrete Const. Co.* v. *Ind. Com.,* 375 Ill. 483.

On the date of his accident and death, decedent was 43 years of age, married and living with his wife, and had one child, Barbara Corinne Arnold, born December 4, 1934, dependent upon him for support.

Decedent's earnings in the year prior to his death amounted to $6,541.87, and the rate of compensation in this case is $22.50 per week.

Other than an ambulance bill, respondent has paid nothing in this case.

William J. Cleary & Co., Court Reporters, Chicago, Illinois, was employed to take and transcribe the testimony at the hearing before Commissioner Wise. Charges in the amount of $31.30 were incurred, which charges are reasonable and customary. An award is, therefore, entered in favor of William J. Cleary & Co. for $31.30.

An award is entered in favor of claimant, Corinne W. Arnold, widow of Clarence C. W. Arnold, deceased, under Section 7 (a) (f) (h) (L) of the Workmen's Compensation Act for the sum of $6,675.00, payable as follows:

$ 475.71, which has accrued and is payable forthwith,
$6,199.29, which is payable in weekly installments of $22.50 per week, commencing on February 16, 1951, for a period of 275 weeks, plus one final payment of $11.79.

Jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chap. 127, Sec. 180.