This award is subject to the approval of the Governor. Ill. Rev. Stat., 1949, Chap. 127, Sec. 180.

(No. 4267-)

ERNEST J. JAAX, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

WILLIAM E. RODRIGUEZ, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; JAMES C. MURRAY, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Ernest J. Jaax, seeks to recover from respondent under the Workmen's Compensation Act for injuries allegedly sustained as a result of an accident arising out of and in the course of his employment as a painter at the Chicago State Hospital.

On July 18, 1949, claimant, who had a history of calluses on his left foot, pared and lacerated the callus under the big toe on his left foot with a razor blade.

For about a month prior to that date, claimant had been in charge of eight men, who were redecorating the rooms of the apartment of the superintendent of the Farm Ward Building, which rooms were being completely remodeled. In addition to the painting, the floors were sanded with a power sander, which deposited considerable fine sawdust on the floor. Because of claimant's previous trouble with his feet, and, because they perspired greatly, he wore shoes in which slits had been cut. As a result of the slits in his shoes, considerable sawdust worked through his socks.

On July 20, 1949, claimant's left foot began to pain him considerably, and the following day he was given a shot of penicillin by one of the doctors at the institution, such shots being continued for several days. Later claimant was hospitalized at both the Cook County and Masonic Hospitals for ulcerated calluses, and the treatment thereof by private physicians continued for several months.

Claimant now maintains that the sawdust on the floor caused an infection in his left foot, as a result of which he should be compensated under the Workmen's Compensation Act for a partial loss of use of such foot, plus compensation for a lengthy period of temporary total disability.

To us, the most significant facts in this case are that claimant shuffled through the sawdust for several weeks prior to the time that he pared his callus without any apparent discomfort, and that it was only immediately after he cut the callus with a razor blade that an infection appeared in his foot, and such infection appeared after a normal period of incubation after the laceration with the razor blade.

Claimant has apparently complied with the jurisdictional prerequisites for this action. He was paid no compensation, and medical services, except for four shots of penicillin, were obtained by himself.

An analysis of the important infection cases that have been decided by the Supreme Court leads us to the conclusion that an award would not be warranted in this case. Had claimant raised a blister on his foot while working, and then an infection in the foot set in, he could recover. *Western Shade Cloth Co.* vs. *Ind. Com.*, 308 Ill. 554; *Freeman Coal Mining Co.* vs. *Ind. Com.*, 315 Ill. 84. But, no blister resulted from the chafing

action, if any, of the sawdust in his shoes.

Had claimant suffered a blow on his foot, and later an infection arose near the point of impact, he could recover. *Challenge Co.* vs. *Ind. Com.*, 292 Ill. 596. But, there is neither a contention, nor any evidence of a traumatic injury to his foot.

This case comes close to *Ryan* vs. *Ind. Com.*, 329 Ill. 209. In that case Ryan pared a corn or callus on his toe. Later an infection set in leading to gangrene, which necessitated the amputation of his leg below the knee. Ryan suffered from hardening of the arteries, which sometimes causes gangrene. The Supreme Court held that Ryan had not proved that an accident in employment was the cause of the infection, and, therefore, denied an award.

In this case, we do not believe that claimant has proven that the sawdust caused the infection. His doctor would not categorically go that far in his testimony. We are, therefore, confronted with a case of speculation and conjecture. The infection could have resulted from an introduction of bacteria into his self-inflicted laceration either at his home, or going to and from work. Persuasive proof of a causal connection between claimant's infection, and the onset thereof as a result of his employment is lacking in this record. *Peterson & Co.* vs. *Ind. Com.*, 281 Ill. 326; *Standard Oil Co.* vs. *Ind. Com.*, 322 Ill. 524; *Gray: Attorneys' Textbook of Medicine*, 3rd ed. (1949), Vol. 1, Paras. 23.16 and 23.17.

William J. Cleary & Co. was employed to take and transcribe the testimony at the hearing before Commissioner Wise. Charges of $73.20 were incurred, which are reasonable and customary. An award is entered in favor of William J. Cleary & Co. for $73.20.

An award to claimant, Ernest J. Jaax, is denied.

This award is subject to the approval of the Governor. Ill. Rev. Stat., 1949, Chap. 127, Sec. 180.