(No. 27711.—

NATIONAL ICE AND FUEL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EUGENE EARL, Defendant in Error.)

*Opinion filed May 16, 1944.*

RAYMOND J. MOUDRY, and CLARENCE S. PIGGOTT, (HERBERT J. CHOICE, of counsel,) all of Chicago, for plaintiff in error.

SOL ANDREWS, of Chicago, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, on writ of error allowed, seeks review of the judgment of the circuit court of Cook county, affirming an award of the Industrial Commission made to defendant in error, Eugene Earl, for an injury which it was held arose out of and in the course of his employment by plaintiff in error.

The facts are simple and not in dispute. On January 8, 1942, plaintiff in error, who was engaged in the coal business, employed Earl to shovel coal into the basement of a building of one of its customers. Both parties were operating under the provisions of the Workmen's Compensation Act. At the time of the injury complained of, the thermometer ranged from ten degrees below zero at 7 A. M. to five degrees above zero at 12 o'clock noon. Plaintiff in error's truck delivered a load of coal in the alley at the rear of the Walton Hotel in the city of Chicago. Earl rode to this place with the truck driver and between 7 and

8 o'clock began shoveling the coal into the basement of the hotel. Before entering upon this work he went inside the basement and opened the window of the coal chute, and he testified that he might have gone into the basement during the time he was shoveling, to "trim" the coal back, that is, to shovel it back from the window. He wore heavy clothing, including a pair of gloves. The left-hand glove, however, had holes in the fingers. The shovel he used was what is commonly known as a scoop shovel, which was made of steel, the steel extending several inches up onto the wood handle. He shoveled the coal left-handed. In so doing the fingers of that hand, by reason of the holes in his glove, came in contact with the steel on the handle of the shovel. He worked for about four hours, returning to the yard about 12 o'clock noon, where he turned in the shovel. He then told a Louis Wagner, yard man, that because his hand was injured he would have to go and get it treated. He thereafter went to the county hospital where he remained for four days and was treated for frostbite of the fingers of the left hand. As the result of this frostbite he lost the first joint of the index finger of his left hand and the other fingers of that hand were ankylosed or stiffened.

No question of notice is raised nor is it contended that the award made is excessive. It is not questioned that the injury arose during the course of his employment. The award made was confirmed by the circuit court of Cook county. The sole contention made here is that under the record made, Earl did not receive an injury which arose out of his employment; that he, by his employment and the instrumentalities used by him at that time, was subjected in nowise to an extraordinary or unusual risk, but that the danger of frostbite was one to which all persons in that locality were then subjected, and that, under the rule as announced by this and other courts, his injury is not compensable.

That rule, as announced by this court in *Central Illinois Public Service Co.* v. *Industrial Com.* 291 Ill. 256, and other cases, is that if the employee, by reason of his employment, was exposed to a risk of being injured by the elements, which was greater than the risk to which the public in that vicinity was subjected, or if his employment necessarily accentuated the natural hazard from the elements, which increased hazard contributed to the injury, such injury was one arising out of the employment, although unexpected and unusual. This rule was again announced in *Consumers Co.* v. *Industrial Com.* 324 Ill. 152, and in other cases. The opinions in the two cases cited discuss numerous cases of this country and England, applying this rule to injuries received from the elements. The cases cited are not entirely in harmony but the divergence of decision has been solely in the application of the rule, which, of course, must depend upon the facts in each case. It is unnecessary to again review those cases.

Plaintiff in error argues that the *Consumers case,* last cited, fully sustains their contention that Earl was not subjected to any hazard or risk by reason of his employment greater than that to which the public generally in that vicinity was subjected. In the *Consumers case,* the employee, Hill, suffered frostbite in both hands while shoveling coal. The temperature was low and he was wearing a pair of thin gloves. It was shown in that case that the yard where he was at work was surrounded in part by a cement wall fifteen or sixteen feet high, and on the opposite side by a fence and brick wall from six to fifteen feet high. A trestled switchtrack extended into the yard under which the coalbins were built. Hill was engaged in shoveling coal from one of the bins under the switchtrack to a conveyor which was operated by electricity and which carried the coal to delivery trucks or wagons. The record also shows that a building or shanty, which was heated and

in which employees kept their coats and ate their lunches, and in cold weather warmed themselves, was also in the yard. It appears from the record in that case that Hill had opportunity to and did on occasions go into this shanty with other men to warm himself. It appears that this shanty was kept for the use of all the men in the yard and they went in and out of it for the purpose of warming themselves.

It is apparent, that unless there was something in the nature of the shovel which created an additional hazard to frostbite, Earl was not being subjected to any greater risk of such an injury than others in the neighborhood. The testimony of a physician shows that (which is also a matter of common knowledge,) iron or steel is subjected to greater extremes of temperature than wood or other like objects, and that when the hand is exposed to cold steel, the steel draws the moisture and warmth from the hand so rapidly that the circulation is stopped, and what is known as a circulatory crisis is created. This is indicated by the fact that Earl's left hand, on which he wore a glove with holes in the fingers, was frostbitten, while his right hand, which was on the wooden handle of the shovel, was not. It appears that in scooping left-handed, his left hand was kept for most part upon and in contact with the steel brace on the handle of the shovel. We think there is therefore this distinction between this case and the *Consumers case,* that is, that here the fingers of Earl, coming in contact with the cold steel, subjected him to unusual and intensified cold applied to his left hand. Furthermore, in the *Consumers case* a shanty, where the men were expected to go and warm themselves, was provided. While he states he may have gone into the basement to shovel back some of the coal, there is no evidence as to whether that part of the basement was heated, and it, therefore, can scarcely be compared with the heated shanty in the *Consumers case.*

While this case is close on the facts, we are of the opinion that it is more like the cases of *Morgan* v. *Owners of Steamship Zenaida*, 25 Times Law Rep. 446, *Davies* v. *Gillespie*, 5 B. W. C. C. 64, cited in the *Central Illinois Service Co. case*, or *McManaman's Case*, 224 Mass. 554, 113. N. E. 287, cited in the *Consumer's case*. In the first of these cases, compensation was allowed where the employee, working in the tropics, sustained a sunstroke while painting the side of a ship, it being held that he was subjected to a greater risk of sunstroke in his position owing to the reflection of the heat from the side of the vessel. In the *Davies case*, compensation for sunstroke was sustained on the fact that the employee had to stand on the steel deck of a ship without shelter, for a number of hours, and had to bend over the hatchway, from which it was considered that he suffered greater risk from sunstroke than others on board the ship. In *McManaman's case*, a longshoreman, whose hands were frozen while unloading a steamer alongside a pier extending out into the harbor, was allowed to recover on the ground that the cold was more severe on the pier, thus extending from the shore, than that to which others in the vicinity were subjected.

It is a matter of common knowledge that one would suffer more from holding in his hand a bar of steel, in extremely low temperature, than he would were that bar made of wood. We are of the opinion that Earl was, by reason of his employment and use of this shovel, subjected to an intensified risk of frostbite, and that the commission therefore did not err in awarding compensation, and the circuit court was correct in affirming it. The judgment of the circuit court is affirmed.

*Judgment affirmed.*