(No. 38364.—

AMERICAN FREIGHT FORWARDING CORP., YALE TRANSPORTATION DIVISION, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DONALD DE HAAN, Appellant.)

*Opinion filed September 29, 1964.*

ROGER J. BOYLAN, of Chicago, for appellant.

ARTHUR O. KANE, of Chicago, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from an order of the superior court of Cook County setting aside the decision of the Industrial Commission confirming an award made by an arbitrator to the petitioner Donald De Haan. The appeal comes directly to this court, pursuant to Supreme Court Rule 28—1.

The petitioner was employed on January 9, 1962, as a dock hand for the respondent American Freight Forwarding Corp. His work involved the loading and unloading of trucks on a dock in Chicago. The dock was approximately 200 feet long and 50 feet wide, running east and west and covered with a roof. The north side of the dock was closed in with a series of overhead doors, and the other three sides were enclosed by walls. On the east end of the dock were a dispatcher's office, a drivers' room and a washroom which were warmed by a central heating system. Approximately 4:00 A.M. on January 10 after working on the dock from 1:00 P.M. to 10:30 P.M. on January 9, a day during which the temperature was below zero, petitioner developed a condition later diagnosed as frostbite. He suffered injury to both his hands and feet and was hospitalized. The arbitrator awarded the employee compensation for hospital and medical expenses and five weeks temporary total disability.

The question raised by the appeal is whether the frostbite sustained by the employee is an accidental injury for which he is entitled to recover workmen's compensation benefits. A general rule in this State and elsewhere is that where an employee, by reason of his employment, is exposed to a risk greater than the risk to which the public in the vicinity is subjected, or if his employment necessarily accentuated the natural hazard from the elements, which increased hazard contributed to the injury, such injury is one arising out of the employment, although unexpected and unusual. *Ceisel* v. *Industrial Com.* 400 Ill. 574; *National Ice and Fuel Co.* v. *Industrial Com.* 387 Ill. 31; *Con-*

*sumers Co.* v. *Industrial Com.* 324 Ill. 152; *Central Illinois Public Service Co.* v. *Industrial Com.* 291 Ill. 256.

In *Consumers Co.* v. *Industrial Com.* 324 Ill. 152, the employee suffered frostbite while shoveling coal with thin gloves in an outside partially enclosed yard, which had a shanty that the employees used for warming themselves. A bare majority of this court, in denying compensation, said (324 Ill. at 155): "Injuries resulting from exposure to weather conditions, such as heat, cold, ice, snow or lightning, are generally classed as risks to which the general public is exposed and not within the purview of workmen's compensation acts, although the injured person, at the time he received his injury, may have been performing duties incident to and in the course of his employment. * * * If the accident, under the circumstances of the employment, was merely a consequence of the severity of the elements, to which persons in the locality, whether so employed or not, were equally exposed, it is not compensable."

Petitioner argues that the reasoning of the court in the *Consumers Co.* case was faulty, and urges that the rule of that case be rejected. In support of this argument petitioner relies on the awards of compensation for frostbite sustained in *Gates* v. *Central City Opera House Ass'n*, 107 Colo. 93, 108 P.2d 880 and *National Ice and Fuel Co.* v. *Industrial Com.* 387 Ill. 31.

In *Gates,* the employee was an artist who was required to work outside without a glove. The Colorado court stated at 108 P.2d 882: "It cannot be even fairly inferred from the evidence that one who was using his fingers in painting murals in a window panel is exposed to conditions similarly encountered by persons working outside."

In the *National Ice and Fuel Co.* case, this court sustained an award for frostbite because the employee's duties required him to use a steel coal shovel that exposed him to a special risk. The court said in 387 Ill. 35: "It is apparent, that unless there was something in the nature of the shovel

which created an additional hazard to frostbite, Earl [the employee] was not being subjected to any greater risk of such an injury than others in the neighborhood." The court then concluded at 387 Ill. 36: "It is a matter of common knowledge that one would suffer more from holding in his hand a bar of steel, in extremely low temperature, than he would were that bar made of wood. We are of the opinion that Earl was, by reason of his employment and use of this shovel, subjected to an intensified risk of frostbite, and that the commission therefore did not err in awarding compensation, and the circuit court was correct in affirming it."

The petitioner was not restricted by his employment from observing all necessary precautions against the cold and, in fact, the record discloses that petitioner was wearing two pairs of canvass gloves, an insulated parka, two pairs of insulated underwear, two pairs of wool socks, and overshoes on the day in question. Petitioner stated that he had several rooms for warming himself and, further, that he had gone into the rooms to warm up whenever he felt like it. There were also hot beverages available and he had partaken of them, and further, he was afforded some shelter by the enclosures of the area in which he worked.

However, it can hardly be contended that the petitioner wilfully incurred the injuries that he suffered. As pointed out, he took extraordinary precautions to protect himself from the cold while working 9½ hours exposed to temperatures that average 6 degrees below zero. Because he guessed wrong, and apparently devoted too much time to his duties and too little to his own comfort, the burden of the resulting medical and hospital expenses, and the time lost from work, should not be imposed on him. Under the general rule, previously referred to, it can readily be seen that the public is not exposed to the risk that petitioner was. The average man, free of obligations of any particular employment, does not stay outdoors for 9½ hours when the average temperature is 6 degrees below zero. The ordinary person is not

engaged in outside work in cold weather and experience teaches us to stay inside when necessary to avoid the risk of frostbite. Petitioner, unfortunately, did not have the choice of staying inside or not.

Although the facts in the *Consumers Co.* case are somewhat similar, to the extent that it is in conflict with this opinion, it is overruled. The order of the superior court of Cook County, setting aside the award of the Industrial Commission is reversed.                *Order reversed.*