SWITOW THEATRICAL COMPANY *v.* FISHER ET AL.

[No. 13,001.    Filed October 14, 1927.]

MASTER AND SERVANT.—*Death of janitor of moving picture show held to have arisen in the course of his employment.*—One employed by a company operating a moving picture show as janitor of the theatre building, whose duties included keeping the sidewalk in front of the building clean and unobstructed and fixing anything "that needed fixing," was injured in the course of his employment within the meaning of the Workmen's Compensation Act where he was killed while removing a broken telephone wire from the sidewalk, although he had just stated that he knew of nothing more to be done around the theatre and that he was going home to lunch and, in the afternoon, would do some work for another party.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Ruby L. Fisher and others, dependents of Harley Fisher, deceased, opposed by the Switow Theatrical Company, employer. From an award of compensation, the employer appeals. *Affirmed.* By the court in banc.

*W. J. Goff* and *Joseph W. Hutchinson,* for appellant.
*Stotsenburg & Weathers* and *Walter G. Mead,* for appellees.

REMY, J.—Harley Fisher was employed by appellant as night operator of its moving picture machine, to act as janitor of the theatre building, and to assist "in looking after anything that needed fixing." A part of his duties as janitor was to keep the sidewalk clean in front of the building. On October 7, 1925, Fisher was assisting another employee in repairing the roof of the theatre building. While at work on the roof, his feet slipped, and, in an attempt to balance himself, he caught hold of an old telephone wire that was stretched above the roof, and thereby caused the wire to break and to fall upon the sidewalk at the northeast corner and near the front entrance of the building. When the roof repairs were

completed, Fisher and the employee working with him came down and went to an office room in the building where Fisher told his co-employee that he knew of nothing else to be done at the theatre at that time, and that he was going home to lunch, after which he would do some work for a Mr. Spencer.   As he left the theatre building, he came upon the telephone wire, which a short time before he had caused to be broken and thrown upon the sidewalk; seeing the wire, Fisher lifted it from the walk and proceeded to wind it up; while so doing, the wire came in contact with another wire which was carrying a high voltage of electricity, as a result of which, he was instantly killed.

From an award of compensation by the Industrial Board to appellees, dependents of deceased, this appeal is prosecuted.

The question presented is, whether, under the above stated facts, which were established by the evidence, the accident which resulted in the death of Fisher arose out of and in the course of his employment.

It is urged by appellant that there is no evidence that Fisher was acting in the course of his employment at the time, it being contended that he had finished his work for appellant for the day, and that in picking up the wire he was not fulfilling any duty of his employment or engaged in any work incidental thereto.   We do not concur in that view.   Fisher, while at work on the roof, had broken the wire and caused it to fall upon the sidewalk at the corner of the theatre building near the front entrance thereof.   Under his contract of employment, it was his duty to keep the sidewalk clean and free from obstructions; when he was leaving the premises, he saw the wire upon the walk where he had caused it to fall, and in fulfillment of his duty, without orders, as a faithful employee would do, he proceeded to remove the wire from the walk so that it would no

longer be an obstruction to pedestrians passing that way for the purpose of entering the theatre or otherwise; had he not done so, a stranger traveling upon the sidewalk might have met the same fate as he, in which event, appellant might now be defending a suit for damages.

We hold that the statement of Fisher that he knew of nothing else to be done, that he was going home to lunch, and would work for another that afternoon, did not terminate his work for the day so as to prevent recovery of compensation for his accidental death while at-- tempting to remove from the sidewalk the wire which he observed as he left the premises.

Affirmed.