MARKLEY *v.* RICHMOND GLOVE CORPORATION.
[No. 19,267. Filed March 4, 1959.]

*J. Richard Kemper,* of Richmond, *Murray, Mannon, Fairchild & Stewart, James J. Stewart* and *Richard W. Guthrie,* all of Indianapolis, for appellant.

*James V. Donadio, Geoffrey Segar* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellee.

Ax, J.—This appeal is predicated upon an action before the Industrial Board of Indiana for compensation by Mabel Louise Márkley, appellant, versus her

employer, the Richmond Glove Corporation, appellee, on account of accidental injuries sustained on or about January 28, 1957.

The appellant filed her Form 9 application for adjustment of claim for compensation in which she alleged that on the 28th day of January, 1957, she sustained personal injuries by reason of an accident arising out of and in the course of her employment. The nature and extent of the injuries and the compensation benefits due and owing appellant, if any, were stipulated and agreed upon and the sole question at issue was whether or not the accident arose out of and in the course of appellant's employment.

The application of the appellant was submitted to a Hearing Member upon a stipulation of the parties and thereafter said Hearing Member made his award that appellant take nothing. Within the time provided by law, an application for review by the Full Board was filed. After a hearing said Full Board made its award by a majority of its members that the injuries sustained by appellant were not the result of an accident arising out of and in the course of her employment. A finding for the appellee was duly entered, and an award was made that appellant take nothing.

Appellant contends there is error in the findings of fact and the award of the Full Board in this: (1) That the award of the Full Industrial Board is contrary to law. (2) That said award is not supported by sufficient evidence. (3) That the evidence is not sufficient to sustain the findings of the fact of the Full Industrial Board.

Inasmuch as all of the facts were stipulated, there being no dispute between the parties as to the facts and extent of injuries, we deem it advisable for a proper consideration of this opinion to set forth all of the pertinent parts of said stipulation which is as follows:

It is stipulated and agreed that on the 28th day of January, 1957, and for some time prior thereto, appellant was generally in the employ of the appellee as a factory worker at an average weekly wage of $55.

That on said date appellant's regular hour for reporting to work was 7:00 A.M. That the appellee's factory at which appellant was employed was located on the west side of Fort Wayne Avenue in the city of Richmond, Indiana; and the regular employees' entrance to said building abutted the public sidewalk, and which entrance was recessed in the wall of said factory building. That on the date in question appellant parked her automobile, per her custom, on North C street, a public street in the city of Richmond, about 100 yards from the entrance to appellee's building and started to walk north on said public sidewalk toward said entrance. At said time and place said public sidewalk was very slick and slippery, being glazed with a sheet of ice as a consequence of sleet and rain which had frozen thereon, as were other public sidewalks in that area. Consequently, appellant moved out onto a grass strip between said public sidewalk and the curb of Fort Wayne Avenue and approached said entrance thereon.

That when appellant reached a point approximately opposite the entrance of said factory, and just inside of which the employees' time clock was located, she turned and started to cross said public sidewalk attempting to enter said factory building. That she took two or three short steps on the sidewalk, and while still on the public sidewalk slipped and fell because of the icy condition thereof, and then and thereby sustained certain personal injuries hereinafter more particularly described. That said public sidewalk was approximately six feet in width and abutted the appellee's premises. That there was only one other entrance to the appellee's premises, which however was a rear entrance not customarily used by appellant or other employees.

At the time and place of said accident there was in full force and effect a municipal ordinance of the city of Richmond requiring owners of property

abutting public sidewalks to keep same free from snow and ice. That however, under said ordinance, appellee would have had until 10:00 A.M. on the morning in question to clean said sidewalk. That said ordinance was the customary snow and ice, penalty type ordinance, and a copy thereof is attached hereto, made a part hereof and marked Exhibit "A". (Since only part of said ordinance applies to this case, we are herewith setting out only Section 3 of said ordinance.)

*Section 3* "It shall be the duty of the occupant or owner, if there be no occupant, of each and every tenement, building, lot or parcel of land, in said city, fronting upon any improved sidewalk, to clean, or cause to be cleaned, such sidewalk in front of such tenement, building, lot or parcel of land, of snow or ice, by Ten o'clock in the Forenoon of each day, and to keep the same clean of such snow and ice."

That as a consequence of her fall, appellant, who was forty-five years of age, was taken to the Emergency Room of the Reid Memorial Hospital, where she was X-rayed and examined by Dr. James Daggy, and subsequently treated by Dr. James Daggy, and found to have been suffering from a compression fracture of the first upper lumbar vertebra and the 12th lower thoracic vertebra. That appellant also sustained some tissue damage and bruises to her back. That she was treated by complete bed rest, and was hospitalized from January 28, 1957, to February 12, 1957. That the reasonable costs of such hospitalization was $217.55.

That subsequent to her hospitalization she was fitted for a steel brace to support her back, which she was required to wear until on or about her final return to work.

That appellant was totally disabled from January 28, 1957, the day of the accident, until August 5, 1957.

That a disagreement has arisen between the parties concerning the question as to whether or not appellant was injured by accident arising out of and in the course of her employment.

That in addition to Dr. James Daggy, appellant

has been examined by a second physician of her choice, Dr. Reid L. Keenan, an orthopedic surgeon, and copies of the reports of Drs. Daggy and Keenan are attached hereto made a part hereof and marked Exhibits "B" and "C". (It is not deemed material to this opinion to copy the exhibits containing the medical reports since later in this stipulation the parties agree to the extent of the injuries sustained.)

(Exhibit "D" is also a medical report which is not copied herein for the same reason.)

That Exhibit "E" is a scaled plat of the area in question, upon which has been indicated the approximate place where appellant parked her car and the route which she took to the point where she fell on the sidewalk.

That Exhibit "F" is a photograph showing a section of the grass plot and sidewalk where the accident in question occurred.

That Exhibit "G" is a photograph of the employees' entrance which plaintiff had intended to use and near which she fell.

That at the time and place of said fall appellant had not yet rung or checked in and had actually not commenced her work for the day; that appellee has denied the compensability of appellant's injury under the Indiana Workmen's Compensation Law, and the appellant has received no benefits whatsoever from the appellee; but if she is entitled to benefits, an award should be made covering the following items:

Dr. James Daggy ...............$ 55.00
Reid Memorial Hospital ........ 217.55
Back Brace .................. 28.00
Temporary Total
    Disability ........26 wks/$33 per wk
Permanent Partial Impairment,
    10% of Person
    as a whole ........50 wks/$33 per wk

After this case was heard by the Hearing Member, who found against the appellant, the Full Industrial Board heard this case in review, and the following is their finding:

"That plaintiff was in the employ of the defendant on January 28, 1957, at an average weekly wage of $55.00; that on said date plaintiff suffered an accidental injury, consisting of a compression fracture of the 1st upper lumbar vertebra and 12th lower thoracic vertebra; that the defendant had knowledge of the said accidental injuries, but did not furnish plaintiff any medical attention, hospital services and supplies.

It is further found that following a disagreement between the parties, the defendant having denied liability for compensation, plaintiff filed her Form No. 9 Application for the adjustment of claim for compensation with the Industrial Board of Indiana on July 24, 1957.

It is further found that the said personal injuries sustained by the plaintiff on the 28th day of January, 1957, were not the result of an accident, arising out of and in the course of her employment by the above named defendant.

The Full Industrial Board of Indiana, by a Majority of its Members, now finds for the defendant and against the plaintiff on plaintiff's Form No. 9 Application for the adjustment of claim for compensation, filed with the Industrial Board of Indiana on July 24, 1957.

*AWARD:* It is, therefore, considered, ordered and adjudged by the Full Industrial Board of Indiana, by a Majority of its Members, that plaintiff take nothing by her Form No. 9 Application for the adjustment of claim for compensation, filed with the Industrial Board of Indiana on July 24, 1957."

It is interesting to note that only one member of the Board, Warren W. Martin, did not concur in the above finding and award.

In this case, the facts being stipulated, the sole question which was presented to the Full Industrial Board was whether or not as a matter of law the accidental injuries sustained by the appellant arose out of and in the course of her employment with the appellee. Appel-

lant has now proposed that this Court should reverse the finding of the aforesaid Board by finding that as a matter of law the accidental injuries sustained by appellant did arise out of and in the course of her employment.

The stipulated facts show the following pertinent and undisputed facts:

1. Appellant at the time of her accidental injury had not yet entered on the premises owned or controlled by the appellee.

2. Appellant at the time of her accidental injury was going to her place of employment and had not checked in or commenced her work.

3. Appellant's fall, resulting in her accidental injury, occurred on a public sidewalk which was glazed with a sheet of ice as a consequence of sleet and rain which had frozen thereon, as were other public sidewalks in that area.

4. Appellant at the time of her accidental injury was using the usual customary and only regular route of entering the place of employment, since she was immediately in front of and within six feet of the employees' entrance door of the place of employment owned by appellee.

5. That the regularly used employees' entrance door of appellee's factory abutted upon a public sidewalk upon which appellant fell at the time of her injury.

Appellant contends in her brief that this is a case of first impression in Indiana—that there are no Indiana cases the facts of which are identical to the facts in this case. Appellant further states that those cases nearest in fact situation are: *Reed* v. *Brown* (1958), 129 Ind. App. 75, 152 N. E. 2d 257; *D.A.Y. Construction Co.* v. *Smallwood* (1937), 104 Ind. App. 277, 281, 10 N. E. 2d 750; *Switow Theatrical Company* v. *Fisher* (1927), 86 Ind. App. 418, 420, 158 N. E. 254; and *Jeffries* v. *Pitman-Moore Co.* (1925), 83 Ind. App. 159, 164, 147 N. E. 919.

We find in reviewing each of the above cases that there are significant differences.

In the case of *Reed* v. *Brown, supra,* there was a private driveway traveled by the employee, a way not used by the general traveling public, as opposed to the public sidewalk being traveled by the employee and the general public in this case at bar.

In the case of *D.A.Y. Construction Co.* v. *Smallwood, supra,* the employee, Smallwood, was a transportation foreman. In the course of his duties a truck belonging to his employer was used by the employee and a fellow workman, the fellow workman being employed as a truck driver. On the day of the fatal accident Smallwood had driven the truck to Lebanon, Indiana, for the purpose of turning the truck over to the co-employee until the next working day. After the truck was stopped Smallwood slid from the driver's seat and his co-employee started the truck in motion. At this instant Smallwood attempted to take hold of the handle on the door to the driver's compartment for the purpose of telling the co-employee something when he fell under the truck and was fatally injured. There the defense was made by the appellant that the deceased employee had terminated his employment prior to the fatal accident. In sustaining a finding by the Board of compensability, the Court pointed out that it is evident that the Board found that the accident occurred before Smallwood had removed himself from the hazards incidental to the movement of the truck and that his injury was occasioned thereby. The Court stated that since there was some evidence to support the finding, they were not permitted to disturb it. This decision is based upon the fact that decedent was killed because of an incident of his employment from which he had not extricated himself at the time of his death. He was

still subject, and in fact, killed by an instrument of his employment, the moving truck. We fail to find where, based upon such facts, the holding in that case is in any way supportive of appellant's position in the present case. Here she was injured on a public sidewalk while on her way to work. There was no incident of the employment involved.

In the case of *Switow Theatrical Company* v. *Fisher, supra,* the injured employee was a janitor at a theatre. Part of his duties were to keep the sidewalks clean in front of the theatre building. After doing some work with a co-employee on the roof of the building, during which operation part of a wire fell to the sidewalk in front of the theatre building, the employee stated that he was going home for lunch. As he left the theatre building he came upon the wire which he had previously caused to be broken and thrown on the sidewalk. He picked it up and while so doing the wire came in contact with a high voltage wire, as a result of which he was instantly killed. Compensation was granted and the Appellate Court affirmed on appeal. The Court concluded that the employee, while at work, had broken the wire and caused it to fall to the sidewalk. It was his obligation to keep the sidewalk clean. He picked up the wire in fulfillment of his duties. He did this to prevent injury to other persons. The Court in effect held that this arose out of and in the course of his employment because it was part of the work he was required to perform. Admittedly, the accident occurred on a public sidewalk. The similarity of that case and the instant case ends there. Appellant, in the case at bar, had no duties of a continuing nature to perform. Appellant agrees by the stipulated facts that her work had not commenced for the day, at the time of her injury.

In the case of *Jeffries* v. *Pitman-Moore Co., supra,* there was a fatal accident when a factory superintendent, before the commencement of his working day, was traveling in an automobile and left the public road and was killed while driving on a private road maintained by his employer. The Court in that case pointed out that this is not the usual going-to-work case, because the decedent was going to work over a private roadway through the premises of his employer and over a way prepared and maintained by his employer for the use of himself and his co-employees in going to their place of work. The Court pointed out that in reaching its conclusion that this was a compensable case, it does not mean to hold that under all circumstances, compensation is to be allowed an employee who is injured on the premises of his employer on his way to work. The Court restricted its holding to a situation where the employee is traveling over a private roadway constructed and maintained by the employer. This, of course, is not the situation or the facts in this appeal.

In the case before us, the appellant asserts that an accidental injury off the employer's premises is compensable when it occurs on the premises of another along a way which the parties contemplate should be used by the employee as a means of ingress and egress to and from his work. However, Indiana has adhered to the premises doctrine which denies recovery for injuries suffered by employees on the way to work. There is one, and only one, exception to that rule. That is where the duties of the employment require the employee to perform his work away from the employer's premises. *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. 2d 499; *Switow Theatrical Company* v. *Fisher, supra.*

The appellant's job, in this case, did not bring her within this exception. She had no duty to perform for her employer away from her employer's premises.

Specifically in the case now before the Court it was stipulated that at the point where appellant fell she was still "on the public sidewalk." It is also stipulated "at said time and place said public sidewalk was very slick and slippery . . . as were other public sidewalks in that area." Therefore, while the Court in the case of *Reed* v. *Brown, supra,* felt that there were sufficient facts to support the determination of the Industrial Board that it was compensable, there are likewise sufficient facts in this case at bar to support the finding of the Industrial Board that it was not compensable. There must be a line beyond which the liability of the employer cannot continue. Where that line is to be drawn is usually a question of fact. This is so even where the facts are stipulated.

The line of liability upon an employer for workers who have no duties to perform for their employer outside of the job site has been drawn at the employer's premises. The situation is otherwise where the employee has duties to perform away from the job site. This rule provides a definite standard by which liability can be determined. It prevents the confusion or endless litigation which would result from any other rule. Included in the definition of employer's premises are private driveways and roadways prepared and maintained by the employer. Public sidewalks have never been so included.

In this case the appellant had no duties to perform for her employer away from the job site, and her injury on a public sidewalk did not occur on her employer's premises. Her accidental injury was incurred at an area beyond the line imposing

liability under the Indiana Workmen's Compensation Law on an employer. There is, therefore, a substantial factual basis for the finding and award of the Industrial Board of Indiana.

The coverage of the Indiana Workmen's Compensation Law is not applicable to an employee injured on the way to work, off the employer's premises, where that employee has no off-the-premises duties to perform for the employer.

Therefore, under the stipulated facts in this case and the law applicable thereto, the finding and award of the Industrial Board of Indiana is affirmed.

NOTE.—Reported in 156 N. E. 2d 407.