KELLER *v.* H. P. WASSON & COMPANY.

[No. 19,105. Filed November 13, 1958.]

*Fansler, Fauvre, Dongus & Chambers, Gustav H. Dongus,* of Indianapolis and *Clarence H. Hallman,* of Cincinnati, Ohio, for appellant.

*William B. Weisell,* and *Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee.

PFAFF, C. J.—Appellant, an employee of appellee, was injured in an automobile accident. The full Industrial Board found that her injuries were not the result of an accident arising out of and in the course of her employment. The question here is whether the evidence compels a contrary conclusion.

Appellee operated a store in Indianapolis. Its employees furnished their own transportation to and from work by whatever means they chose and were not reimbursed therefor, nor were they paid wages for going to and from work. Appellee did not exercise control over this transportation.

On May 1, 1954, there began a transportation strike which lasted five or six weeks. Appellant, prior to the strike, had not made it a practice to use her own personal automobile in going to and from work. She was absent on vacation when the strike began.

On April 28, 1954, the appellee put out to its employees an information sheet, a copy of which was introduced in evidence but is not in the briefs, by which it is said that inquiry was made about their means of getting to and from work should the anticipated strike materialize. This was to be used in directing people who needed rides to persons who had room in their cars. Appellee put one Robert Patterson in charge of co-ordinating this activity. Assistance was rendered at first in helping employees find rides with other employees. Appellee did not assign employees to ride with any particular employees, but suggested that they might be able to ride to and from work together. The plan of driving their personal automobiles by employees and sharing transportation was completely voluntary and no reward or reimbursement was paid by appellee for the use of the cars. Appellee exercised no control over the automobiles or their

owners. One Harriett Gerdts, Director of Training of appellee, and other employees of the store also assisted in helping other employees find rides. Appellee set aside space in its warehouse for the parking of employee automobiles, and furnished transportation from the warehouse to the store and back for those who wanted it. Before long the employees found their own rides and Mr. Patterson went on his vacation on May 15th, and no further activity in this direction was pursued by appellee.

Appellant returned from her vacation on May 16th, a Sunday, and reported to the store for work on May 18th. She testified that the Director of Training called her by telephone at her home and requested her to stop for two ladies, Virginia Simpson and Irene Everett, the next morning. The Director of Training testified that while such a conversation might have been made, she did not remember making it and thought she would have some recollection of it if she had made the call; that by that time the employees had made their own arrangements. After returning to work appellant regularly transported said employees Virginia Simpson and Irene Everett to and from work and also took other employees who asked her for rides.

On May 28th, after the store closed, appellant got her car from the warehouse, and coming back to the store picked up employees Simpson, Everett, Nora O'Rourke and Ruby Ratcliffe. On that day Nora O'Rourke and Ruby Ratcliffe had asked appellant if she could take them home, and she agreed to do so.

Ruby Ratcliffe and Nora O'Rourke lived between appellee's store and appellant's home, near Meridian Street, while Virginia Simpson and Irene Everett lived beyond appellant's home. As appellant drove she asked Nora O'Rourke if she wanted to go for the ride. Nora

O'Rourke said she had to go to the grocery and got out near her home. Appellant asked Ruby Ratcliffe to go with her to her home. Appellant took employees Simpson and Everett to their homes and then returned to her own home where she changed clothes "to get in more convenient garb" for a church party she intended to attend. She then returned to her car, intending to take Ruby Ratcliffe home on the way to the church party. The accident happened before she reached the Ratcliffe home.

Both parties agree that generally injuries received while on the way home from employment are not compensable because they do not arise in the course of the employment. *Emmons* v. *Wilkerson* (1949), 120 Ind. App. 100, 89 N. E. 2d 296; *Universal, etc., Cement Co.* v. *Spirakis* (1927), 79 Ind. App. 17, 137 N. E. 276; *R. L. Ditzler Poultry Co.* v. *Forsythe* (1927), 86 Ind. App. 136, 156 N. E. 406; Small, *Workmen's Compensation Law of Indiana*, §7.7. Appellant, however, seeks to bring this case within one of the exceptions to the general rule.

As stated in *Emmons* v. *Wilkerson, supra*:

"An accident occurring while an employee is going to or returning from his place of employment, or which occurs while the employee is engaged on a personal mission or errand, not connected with the duties of his employment, is not within the protection afforded employees by the Indiana Workmen's Compensation Act. (Citing authorities.)

"There is an exception to the general rule, in that, an employee, while he is performing, or is on his way home after performing, or is on his way from his home to perform some special service or errand, or some duty incidental to the nature of his employment in the interest of, or under the direction of his employer, sustaining an accidental

injury, is considered to have suffered an injury arising out of and in the course of his employment. (Citing authorities.)"

The exception is stated in 8 Schneider's *Workmen's Compensation,* p. 7 as follows:

". . . where the employee is charged, while on his way to or from his place of employment, or at his home, or during his employment, with some duty or special errand connected with his employment, . . ."

See also *Williams* v. *School City of Winchester* (1937), 104 Ind. App. 83, 10 N. E. 2d 314.

The weight of the evidence and the credibility of the witnesses was for the board to determine. *Johnson* v. *P. R. Mallory Co.* (1946), 117 Ind. App. 119, 69 N. E. 2d 757. The board was not required to believe that a telephone call was made in which request was made that appellant pick up the employees Simpson and Everett "tomorrow morning." There was no evidence of any request by appellee to transport these or any other employees on any other occasion, including the day of the accident. The two employees involved in the alleged request had been taken to their homes, and appellant had reached her own home prior to the accident. The employee Ruby Ratcliffe, who was with appellant in her car at the time of the accident, had never been taken home from work by appellant before, and the request to appellant for the ride was made by Ruby Ratcliffe herself—not by appellee. The board could have concluded that the taking of the employees home from work was purely voluntary on the part of appellant and was of a personal nature; that it was not under the supervision, compulsion, direction or control of appellee; and that it did not constitute a special service or errand or duty

incidental to the nature of her employment and in the interest of her employer. The evidence does not compel a conclusion contrary to that reached by the board.

We find no error and the award is affirmed.

Bowen, P. J., Cooper, J., Crumpacker, J., and Kelley, J., concur.

Royse, J., not participating.

NOTE.—Reported in 153 N. E. 2d 386.