UNITED STATES STEEL CORP. *v.* BROWN.

[No. 20,635. Filed December 19, 1967. Rehearing denied January 9, 1968. Transfer denied March 26, 1968.]

*Hackbert, Rooks, Pitts, Fullager & Poust,* of Chicago, Illinois; *White, Raub, Reis and Wick,* of Indianapolis; and *Douglas F. Stevenson,* of Chicago, and *Carl T. Reis,* of Indianapolis, of counsel, for appellant.

*George Krstovich,* of Gary, for appellee.

SMITH, J.—This case involves an appeal by the employer, defendant-appellant, from a decision of The Industrial Board of Indiana awarding compensation to the plaintiff-appellee.

The facts, as found in the record, are as follows:

Appellant, U. S. Steel Corporation, owns and operates a large steel plant lying along Lake Michigan and to the north of the corporate City of Gary. The Calumet River and First Avenue, an east-west street connecting Broadway and Virginia Street, are situated on said U. S. Steel property and north of the corporate City of Gary. The production facilities of U. S. Steel are north of the Calumet River which lies between said First Avenue and U. S. Steel production facilities. North and south streets providing entrance to the U. S. Steel plant are Broadway, Gary's "main" street, and Virginia Street which is located six blocks east of Broadway. First Avenue connects Broadway and Virginia Street on said U. S. Steel property. There are massive steel gates south of the intersections of Broadway and Virginia Street with said First Avenue.

Public transportation buses bring U. S. Steel employees to both the Broadway and Virginia Street gates. Along the south side of First Avenue are U. S. Steel parking lots for employees who drive automobiles to work. South of the intersection of Broadway and said First Avenue is a building housing the dispensary and accounting departments of U. S. Steel. First Avenue is a private street or roadway maintained and controlled by the U. S. Steel Corporation and is a street and roadway in general use by the employees of U. S. Steel Corporation as a way over the employer's premises to and from the employees' place of work and said First Avenue was the customary way for employees to go to and from work.

First Avenue has never been dedicated to the City of Gary and is not a public street or highway, but rather a privately owned and maintained roadway. First Avenue is owned and maintained by U. S. Steel Corporation and its personnel control the traffic and investigations of accidents on said street.

The traffic control signs on said First Avenue are all erected and maintained by U. S. Steel Corporation and arrests for traffic violations on said street are made by the plant protection personnel.

On August 15, 1962, plaintiff had left her place of work, been to her locker, turned in her time card, and checked out at the Virginia Street gate. She then proceeded south, across Calumet River to First Avenue. She proceeded along the sidewalk on First Avenue westerly to Broadway, when a friend in an automobile—also proceeding westerly—called to her and asked if she wanted a ride. Without looking she stepped off the sidewalk into the street, and into the path of a car proceeding easterly on First Avenue.

A Plant Protection Officer of U. S. Steel was quickly on the scene, took her to the United States Steel Dispensary for first aid, and notified the Gary Police Department of the accident. At the United States Steel Dispensary, first aid, including an x-ray, was administered, and she was referred to her family doctor. The Gary Police never arrived.

Plaintiff filed an application with the Industrial Board alleging that she suffered an accidental injury arising out of and in the course of her employment. The employer, defendant-appellant, denied that the accident is compensable.

The claim was heard by one of the members of the Board, Mr. McNevin, on March 9, 1966. He entered a decision as follows:

". . . that plaintiff did not sustain an accidental injury arising out of and in the course of her employment with the defendant, and that any impairment plaintiff may have is wholly unrelated to her employment with the defendant."

Plaintiff appealed to the Full Board, which, after argument, remanded the cause to the single hearing member,

". . . for the purpose of hearing additional evidence to determine ownership as well as the maintenance and supervision of the roadway upon which the plaintiff allegedly

sustained her accidental injury; that all evidence adduced at said hearing shall be submitted to the Full Industrial Board for further proceedings."

Further evidence was presented on June 28, 1966. On July 26, 1966, the Full Board reversed the hearing member, and entered an order finding that plaintiff "sustained an accident arising out of and in the course of her employment with the defendant. . . ." The hearing member, Mr. McNevin, dissented.

The only issue which the employer-appellant seeks to review in this appeal is the decision of the Full Board, one member dissenting, that the accident arose out of and in the course of the employment.

The present law on this issue, announced by our Supreme Court, is that:

"An injury may be said to arise out of the employment when, upon consideration of all the circumstances, there is apparent to the rational mind a causal connection between the conditions under which the work is required to be performed and the resulting injury." *E. I. DuPont, etc.* v. *Lilly* (1948), 226 Ind. 267, 271, 79 N. E. 2d 387.

The above rule was reiterated by the Supreme Court in *U. S. Steel Corp.* v. *Dykes* (1958), 238 Ind. 599, 154 N. E. 2d 111. It is clear that under our law the "causal connection" between the accident and the employment is the determining principle. Whether the accident occurred "on" or "off" the employer's premises is but one factor among many which we must consider in determining if a causal relation between the accident and employment exists.

The appellant argues that the appellee's employment had ceased entirely; that the accident was one which might occur on any street when a person steps off the curb into the path of an oncoming automobile; and that nothing in the employment caused or increased the risk of this occurrence.

The words "arising out of and in the course of employment" as used in the Workmen's Compensation Statute, should be

given a broad and liberal construction in order that the humane purpose of their enactment may be realized. Workmen's Compensation Act, Burns' Anno. Stat. § 40-1202; *Indiana Toll Road Commission* v. *Bartusch* (1962), 135 Ind. App. 123, 184 N. E. 2d 34, 36.

The appellant maintains that under our present law an employee can be compensated for an injury only if the employment "increased the risk" of its occurrence. However, if we are to apply this test to the facts of this case, we must necessarily establish a comparative standard over which the risk may be increased. A more contemporary position is that the employment must have increased the risk of injury to the employee beyond that to which the general public is exposed. *American Freight Forwarding Corp.* v. *Industrial Comm'n* (1964), 31 Ill. 2d 293, 201 N. E. 2d 399; Slain, *Workmen's Disability*, p. 37 (1967).

If we adopt the above test, it is apparent that the risk to the appellee of being struck by an automobile was increased by her employment. She could not be employed unless she traveled to the place of employment. The appellee traveled to and from work by bus. At the end of the working day of August 15, 1962, at approximately five minutes after leaving her employment, the claimant was struck by a motor vehicle while walking to the bus stop located at First Avenue and Broadway.

Regardless of the test we employ, a policy decision must be reached: should the appellee's injury, under the surrounding circumstances, be regarded as sufficiently connected with the employment to be a proper charge against the enterprise?

In view of the humane purpose and policy of the Workmen's Compensation Statute, as previously stated, we feel that the Industrial Board of Indiana did not err by awarding compensation to the appellee, and we therefore affirm the decision and order of the Industrial Board.

Decision and Order affirmed.

Cook, P. J., Bierly and Pfaff, concur.

NOTE.—Reported in 231 N. E. 2d 839.