Alexander BIRGE, Appellant-Plaintiff,

v.

BRYANT AIR CONDITIONING,
Appellee-Defendant.

No. 2–677A219.

Court of Appeals of Indiana,
Fourth District.

Aug. 29, 1979.

James E. Sandifer, Graber & Sandifer, P. C., Indianapolis, for appellant-plaintiff.

Edwin Bunny, Travelers Ins. Co., John T. Rocap, Rocap, Rocap, Reese & Young, Indianapolis, for appellee-defendant.

CHIPMAN, Judge.

This workman's compensation claim arose from an accident suffered by plaintiff-appellant Alexander Birge while in the course of his employment with defendant-appellee Bryant Air Conditioning. On May 3, 1977, the Full Industrial Board found appellant to be totally disabled from an organic brain disorder, but denied compensation because he failed to prove medical causation between the accidental injury and his brain condition. Both parties agree all elements for an award, other than medical causation, have been established.

We affirm.

## FACTS

On January 23, 1973, appellant struck the back of his head on a steel I-beam. The company nurse sent him to a doctor who told him to take a few days off from work. The next day, appellant felt better and returned to work. Sometime later, appellant began to experience pain in his head and went to see his private physician. Over the next two years, appellant was examined by a number of different medical specialists each of whom conducted a wide variety of extensive tests. Based upon this evidence, the Full Industrial Board denied appellant compensation. Appellant challenges that ruling, raising the following issues.

## ISSUES

I. Were the findings of the Full Industrial Board contrary to the evidence?

II. Did the Full Industrial Board ignore competent evidence in reaching its decision?

## I. FINDINGS

■ Appellant argues the evidence clearly supports his claim for compensation. He asserts the Board incorrectly interpreted the testimony of Dr. Oldnich Kolar, and that once Kolar's testimony is properly considered, all evidence points to a causal link between appellant's head injury and his disability. Appellee contends there is more than sufficient evidence to support the Board's findings. We think appellee is correct.

The scope of review for examining this issue has been delineated many times by

our court. We give great deference to the factual findings of the Industrial Board. We will not weigh the evidence, but will consider only the evidence and reasonable inferences most favorable to the Board's findings. *Bethlehem Steel Corporation v. Cummings,* (1974) 160 Ind.App. 160, 310 N.E.2d 565; *Smith v. Graver Tank and Manufacturing Company,* (1973) 158 Ind. App. 431, 302 N.E.2d 852. If the Industrial Board reaches a legitimate conclusion from its consideration of the evidence, this court will not disturb that conclusion even though we might prefer another, equally legitimate conclusion. *Wolf v. Plibrico Sales and Service Company,* (1973) 158 Ind.App. 111, 301 N.E.2d 756. In other words, this court will not disturb the findings of the Industrial Board unless there is substantial, undisputed evidence which leads conclusively to a result contrary to the one reached by the Board. *Parks v. Sheller-Globe Corp., Harley-Davidson,* (1978) Ind.App., 380 N.E.2d 110.

Appellant argues the evidence is, in fact, undisputed and it supports his claim for compensation. We do not agree. Appellant correctly states that Dr. Jean Woerner and Dr. Thomas Woerner testified he suffered from a pre-existing organic brain syndrome which was aggravated by the blow to his head. Additionally, Dr. Ralph Reitan testified his neuropsychological examination revealed an organic impairment of the brain.

Appellant is incorrect, however, when he argues the testimony of Dr. Oldnich Kolar supports his position. We find Dr. Kolar's testimony equivocal at best. He admitted there may have been a possibility of organic brain dysfunction prior to the injury,[1] and he did not discount aggravation of the dysfunction as a result of appellant's head injury. The gist of his lengthy testimony, however, is to the effect he thought these possibilities highly unlikely. He found no positive neurological evidence of brain deterioration and felt the relatively long period of time between the head injury and the onset of appellant's pain to be inconsistent with a traumatic disorder. We think this evidence supports the findings of the Industrial Board.

Even if Dr. Kolar's testimony supported appellant's position, we find other evidence in the record to support the Board's findings. Dr. Ralph Reitan, upon whom appellant relied to prove the pre-existing brain dysfunction, found no connection between appellant's condition and the trauma of January 23, 1973. This evidence alone dictates our affirmance of the Industrial Board's findings.

## II. COMPETENT EVIDENCE

■ In his second argument, appellant claims the Industrial Board ignored competent evidence in reaching its decision. This argument centers on the testimony of Drs. Jean and Thomas Woerner who found the head injury aggravated appellant's pre-existing brain disorder. Appellant's argument is not well taken.

It is axiomatic that the Industrial Board may not ignore competent, *uncontradicted* evidence. *Nordhoff v. Review Board of Indiana Employment Security Division,* (1959) 129 Ind.App. 378, 156 N.E.2d 787. In arguing the Board ignored the competent testimony of Drs. Woerner, appellant overlooks the fact that their testimony, although competent, was not uncontradicted. It is the responsibility of the Industrial Board to weigh the evidence presented to it and to make a determination based upon all competent testimony. *See Calhoun v. Hillenbrand Industries, Inc.,* (1978) Ind., 381 N.E.2d 1242; *Allen v. United Telephone Company, Inc.,* (1976) Ind.App., 345 N.E.2d 261; Ind.Code 22–3–4–5. The Board, in light of other evidence, equally competent, chose not to base its decision on the testimony of Drs. Woerner. This was not reversible error; it was a proper exercise of the Industrial Board's statutory responsibility.

Affirmed.

MILLER, P. J., and YOUNG, J., concur.

---

1. Contrary to the findings of the Industrial Board, we note Dr. Kolar did not rule out the possibility of a brain disorder or aggravation. However, since we find adequate evidence to support the Board's findings, this discrepancy does not constitute reversible error.