Shirley **DONAHUE**, Appellant,

v.

**YOUNGSTOWN SHEET & TUBE COMPANY**, Appellee.

No. 385S83.

Supreme Court of Indiana.

March 8, 1985.

Joseph P. Allegretti, Barry D. Sherman, Hammond, for appellant.

George E. Bloom, James E. Schreiner, Hammond, for appellee.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer by Petitioner-Appellee-Defendant Youngstown Sheet & Tube Company following Petitioner's adverse ruling in the First District Court of Appeals. This cause originated in the Industrial Board as a claim filed by Appellant-Plaintiff Shirley Donahue based on injuries she received from an accident on October 17, 1978. The accident took place at a location on Dickey Road, a four-lane public thoroughfare in East Chicago, Indiana, after she had finished her work, had "punched out" on a time clock at Youngstown Sheet & Tube Company and was walking to her automobile parked on said road. The Industrial Board concluded that Donahue's injuries did not result from an accident arising out of and in the course of her employment with Youngstown. The Court of Appeals reversed the Board's decision and remanded the cause to the Board for further action. *Donahue v. Youngstown Sheet & Tube Co.*, (1983) Ind.App., 456 N.E.2d 751, *reh. denied* (1984) (Ratliff, J., dissenting).

 The sole issue now presented is whether Donahue's injuries arose out of and in the course of her employment. Judge Ratliff pointed out in his dissenting opinion that worker's compensation benefits are awarded to employees only for injuries which arise out of and in the course of employment and a claimant must show a causal connection between his or her employment and injury for the injury to have been received in the course of the employment. We agree. *See* Ind.Code § 22–3–2–2 (Burns Supp.1984); *Bowling v. Fountain County Highway Department,* (1981) Ind.App., 428 N.E.2d 80, *reh. denied* (1982); *Slinkard v. Extruded Alloys,* (1971) 150 Ind.App. 479, 277 N.E.2d 176. Whether or not an injury arises in the course of employment ordinarily is a question of fact to be determined by the Industrial Board. *Burger Chef Systems, Inc., v. Wilson,* (1970) 147 Ind.App. 556, 262 N.E.2d 660, *see Calhoun v. Hillenbrand Industries, Inc.,* (1978) 269 Ind. 507, 381 N.E.2d 1242. In reviewing a negative award by the Industrial Board, we do not reweigh the evidence or substitute our decision for that of the Board, rather, we will overturn the Board's decision only when there is substantial undisputed evidence compelling a result contrary to that reached by the Board. *Bowling, supra; Birge v. Bryant Air Conditioning,* (1979) 182 Ind.App. 1, 393 N.E.2d 790, *reh. denied; Martinez v. Taylor Forge & Pipe Works,* (1977) 174 Ind.App. 514, 368 N.E.2d 1176, *trans. denied; Wolf v. Plibrico Sales & Service Co.,* (1973) 158 Ind.App. 111, 301 N.E.2d 756, *reh. denied,* 158 Ind.App. 127, 304 N.E.2d 355, *trans. denied.* Since the record in the instant case supports the Board's conclusion that Donahue's injury was not received in the course of her employment, we must defer to that finding and affirm its decision. We accordingly vacate the opinion of the Court of Appeals and affirm the decision of the Industrial Board.

In reaching its decision, the Board found that Donahue had completed her duties and clocked out, had left Youngstown's premises, was crossing a public street, was not directed by Youngstown to park her vehicle on Dickey Road and was struck by a non-employee on the public highway. The record supports these findings of fact. Specifically, the record shows that Donahue was employed with Youngstown as a "counterman" at the Youngstown pipe mill canteen with duties limited to general cafeteria work at that location. There are two general areas at the Youngstown Complex—the pipe mill and the tin mill—and each area has a separate location for hourly employees to clock out. Although the

pipe mill had a time clock location within walking distance of Donahue's work place, Donahue chose to clock out at the tin mill on Dickey Road on this occasion. Testimony was that employees were supposed to clock out at their respective locations although Youngstown management knew that some pipe mill employees clocked out at the tin mill location and management made no particular objection. On the night of Donahue's accident, she left her place of employment, drove her automobile down Dickey Road, parked across the street from the tin mill clock-out position, crossed Dickey Road on foot, clocked out, and then attempted to cross the street again to reach her automobile but was struck by a car driven by a person not employed by Youngstown. There was evidence that there was an employee parking lot 400 to 600 feet away and on the same side of Dickey Road as the tin mill clock-out location and Donahue testified she had used this parking lot on prior occasions. There also was conflicting evidence that she could not have used that parking lot on this occasion. It was established that Donahue was not directed by Youngstown to park her vehicle on the public thoroughfare and, in fact, that her employment duties never required the use of an automobile. It was uncontroverted by Donahue that she was not on Youngstown's premises and that she was not performing employment duties at the time of her accident. Moreover, it was clearly established that Dickey Road is a public road notwithstanding the fact that Youngstown owned the property on both sides of said road and, at the intersection in question, there were entrances to the Youngstown complex intersecting Dickey Road. There was conflict in the testimony over the ownership and operation of the traffic control signals serving Dickey Road and Youngstown's exits and entrances at this location. Plaintiff contended that Youngstown owned and operated the traffic control signals at this intersection but there was other evidence that the signals were located on a public easement and that Youngstown maintained the traffic lights through a maintenance contract with an electrical contractor. There was no evidence that said signals served only traffic to Youngstown's premises but rather the evidence showed that the signals controlled all traffic along Dickey Road. There was, therefore, no showing of Donahue's contention that the *situs* of her injuries was under the exclusive possession and control of Youngstown. All parties stipulated that Dickey Road was, in fact, a public thoroughfare and the evidence in the record supports the Board in finding that the general public was exposed to the same risk on Dickey Road as was Donahue and that these risks were beyond the employment relationship.

Plaintiff's reliance upon several Indiana cases does not support her position. In *O'Dell v. State Farm Mutual Automobile Insurance Co.*, (1977) 173 Ind.App. 106, 362 N.E.2d 862, *trans. denied*, an employee was killed when struck by a fellow employee on a company owned and controlled road. The company altered the direction of traffic on the road during peak traffic periods and, apparently, confusion about which employee had the right-of-way caused a head-on collision resulting in one employee's death. The appellate court in *O'Dell* simply held that since claiming dependant properly secured benefits from the employer under Indiana's Workmen's Compensation Act, no common law action for personal injury would be allowed. In *Ward v. Tillman*, (1979) 179 Ind.App. 626, 386 N.E.2d 1003, an employee was injured in a collision with a fellow employee in their employer's parking lot. The Appellate Court affirmed the benefits award by holding that employer controlled parking lots and private drives used by employees were extensions of the employer's operating premises. In *L.W. Edison, Inc., v. Teagarden*, (1981) Ind.App., 423 N.E.2d 709, Teagarden was an employee of a general contractor on a state highway project in which a number of sub-contractors were under the supervision of the employer including Hipskind Asphalt Corporation. On the day of the accident, Teagarden's van collided with a Hipskind asphalt paver as Teagar-

den was traveling to his assigned work site approximately one-half hour prior to the regularly scheduled work day. Although the accident occurred on a portion of the public highway under construction, the Court of Appeals found significant the fact that the roadway was barricaded, was not open for public use, and was under the control and supervision of the employer. The Court of Appeals affirmed the award. In *Reed v. Brown*, (1958) 129 Ind.App. 75, 152 N.E.2d 257, *trans. denied*, the employee returning from lunch was driving on his employer's private road when he was struck and killed by a railroad train on tracks crossing his employer's property. The parties stipulated that the employer had no control over the manner in which the railroad company operated its trains over its easement and had no control over the real estate described in the easement. The court in *Reed* said:

"Being rightfully upon appellants' private driveway which crossed the tracks of the railroad situated upon appellants' land, at the time and place and under the circumstances and conditions here exhibited, it seems clear that decedent was subjected to the risk of a hazard which was incidental to his employment. Nothing is said in the stipulation indicating that appellants' driveway was used by the general public nor that it was not so used. Inasmuch as the driveway is designated in the stipulation as the "private" driveway of appellants, it seems fair to infer therefrom that the driveway was devoted to the business and personal purposes of the appellants and therefore was not generally used by the traveling public. Thus considered, it seems to follow that the hazard and danger of accident encountered by decedent was not one common to all but was one incidental to his employment. We think the Board correctly concluded that the fatal accident which befell decedent arose out of and in the course of his employment."

*Reed*, 129 Ind.App. at 90, 152 N.E.2d at 263. *See also United States Steel Corporation v. Brown*, (1967) 142 Ind.App. 18, 231 N.E.2d 839, *trans. denied* (1968) [award to employee injured on street owned and controlled by employer shortly after finishing work day] and *Goldstone v. Kozma*, (1971) 149 Ind.App. 626, 274 N.E.2d 304, *trans. denied* [award to employee injured during lunch period while in parking lot provided by employer]. All of these cases are distinguished from the instant case in that Donahue was injured while on a public thoroughfare and the hazards and dangers of her accident were common to all persons using that public way since Youngstown had no control over the use of the public right-of-way by either Donahue or the public at large.

There are other cases which are consistent with the Board's finding here. In *Markley v. Richmond Glove Corporation*, (1959) 129 Ind.App. 325, 156 N.E.2d 407, an employee had fallen on an icy public sidewalk which abutted the employer's premises while en route to work. The Appellate Court held:

"The line of liability upon an employer for workers who have no duties to perform for their employer outside of the job site has been drawn at the employer's premises. The situation is otherwise where the employee has duties to perform away from the job site. This rule provides a definite standard by which liability can be determined. It prevents the confusion or endless litigation which would result from any other rule. Included in the definition of employer's premises are private driveways and roadways prepared and maintained by the employer. Public sidewalks have never been so included."

*Markley*, 129 Ind.App. at 336, 156 N.E.2d at 413. In *Stanley v. Riggs Equipment Co.*, (1961) 133 Ind.App. 86, 178 N.E.2d 766, *reh. denied* (1962), the Appellate Court affirmed the Industrial Board's decision to deny compensation where a heavy equipment operator sustained fatal injuries in an automobile accident on a public highway in front of the employer's premises while operating his own vehicle. In *Keller v. H.P. Wasson & Co.*, (1958) 129 Ind.App. 59, 153 N.E.2d 386, the Appellate Court sustained

the finding of the full Industrial Board that the injuries to an employee which occurred when she was driving a fellow employee home from work during a transportation strike were not the result of an accident out of and in the course of her employment. In *DeCanales v. Dyer Construction Co.*, (1970) 147 Ind.App. 537, 262 N.E.2d 543, *trans. denied,* a construction laborer had ceased performing his assigned duties and, while waiting for his ride, relieved himself a considerable distance away from his job site and across some railroad tracks which were not a necessary means of ingress and egress to and from his job site. While on the tracks, the employee was struck and killed by a passing train. The Appellate Court there held that such death did not arise out of and in the course of the employee's employment. In summary, cases allowing recovery for injuries incurred while away from an employer's premises involve employees engaged in activities which are found to be, in some material respect, incidental to employment or beneficial to the employer. *See Markley, supra; Miller v. Barrett,* (1971) 148 Ind.App. 685, 269 N.E.2d 772, *trans. denied; DeCanales, supra; Stanley, supra; Keller, supra.*

The record supports the Industrial Board's conclusion that Donahue's injury was not received in the course of her employment and, as a reviewing court, we therefore defer to the findings of the Board. The Court of Appeals opinion is ordered vacated and the decision of the Industrial Board is affirmed.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

Several separate forays into this case have left me with the view that the majority of the First District was correct when it concluded that this employee's injuries must be deemed to have arisen out of and in the course of her employment. In *O'Dell v. State Farm Mutual Automobile Insurance Company* (1977), 173 Ind.App. 106, 362 N.E.2d 862, an employee was killed in a collision in a company parking lot after punching out. That death was deemed to have arisen out of and in the course of employment. In *United States Steel Corporation v. Brown* 91968), 142 Ind.App. 18, 231 N.E.2d 839, an employee had clocked out and had reached the intersection of a company road with a public road when she stepped into the company road to accept a ride from a fellow employee and was struck by an entering car. That injury also qualified the injured employee for workmen's compensation.

In the case on appeal, the time element is qualifying. The injury occurred moments after the employee clocked out and was in the process of leaving work. Unlike the majority in its opinion, I also find that the place element is also qualifying. Here the employer had parts of its plant on both sides of the street. The street itself was public enough, but there were entrances and exists to the plant on both sides of the street. There was a traffic control device there which restrained traffic on both the public street and the company entrances and exits. The intersection and the devices channeled employee traffic to that location and provided a safe zone for it. Partial control of the devices was exercised by employer. The employee here was injured while walking in this zone to reach her car which she had parked at the curb on the public street, adjacent to the zone. The fact that the injury was at the hands of a non-employee is not disqualifying. *Prater v. Indiana Briquetting Corporation* (1969), 253 Ind. 83, 251 N.E.2d 810. And I furthermore can detect no disqualifying force to the facts that she parked on the public street rather than a company parking lot and that she punched out at one point in the plant rather than another. I would reverse the Board.