# FOR PUBLICATION



FILED

Mar 27 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RANDAL M. KLEZMER**
Klezmer Maudlin, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**PAUL L. FIELDS**
The Law Offices of The Liberty
Mutual Group
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EARL ARNOLD, SR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1109-EX-874 |
| | ) | |
| ROSE ACRE FARMS, INC., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE INDIANA WORKER'S COMPENSATION BOARD
The Honorable Linda P. Hamilton, Chairperson
Application No. C-192913

**March 27, 2012**

**OPINION – FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Earl Arnold, Sr. ("Arnold") appeals from the denial by the Worker's Compensation Board of Indiana ("the Board") of his claim under the Worker's Compensation Act ("the Act") alleging injuries arising out of and in the course of his employment with Rose Acre Farms, Inc. ("Rose Acre").

We affirm.

## ISSUE

Whether the Board erred in concluding that Arnold did not sustain an injury arising out of and in the course of his employment with Rose Acre.

## FACTS

On June 25, 2006, Arnold was employed as a night security guard at Rose Acre's Cortland facility. Arnold drove his automobile from his home to Rose Acre's location on County Road 800 North ("the public road"). Arnold drove westbound on the public road to a point in front of the gravel road that serves as the only entrance into Rose Acre's Cortland facility.

As Arnold crossed the center line of the public road and entered the eastbound lane in making his left-hand turn into the Rose Acre facility, his automobile was struck by a pick-up truck. Although the collision occurred on the public road, the vehicles came to rest partially in the public road and partially in Rose Acre's driveway. The collision resulted in multiple injuries to Arnold, including broken bones and cognitive impairment.

2

Arnold filed a claim with the Board alleging that the collision was an accident that arose out of and in the course of his employment. After a hearing, a Single Hearing Member made the following findings:

3. In general, for an accident to have occurred within the course of the employment, an injury must occur during work and on the employer's premises, and therefore, most injuries sustained in route to or from the workplace are not covered under workers' compensation law.

4. Parking lots and employer owned driveways which provide ingress and egress are considered an extension of the employer's premises wherein an accident occurring in these locations is typically considered in the course of employment.

5. An accident occurring on a public thoroughfare, where the general public is exposed to the same risks as the employee, is not considered in the course of the employment. When the accident is not on the employer's premises, the Act only applies when there is an increased risk or the employee is engaged in activities incidental to the employment.

6. [Arnold's] accident did not occur on the employer's premises. Additionally, [Arnold] did not meet his burden of showing that the circumstances at the time of the accident created an increased risk causally related to the employment.

7. [Arnold] argued that [his] view could have been obstructed by a truck pulling out from the driveway of the employer causing an increased risk. However, Arnold was unable to testify as to this fact himself; the truck driver testified that he did not believe that [Arnold's] view would have been obstructed, and the police report which notes an obstructed view is hearsay evidence that cannot by itself support a finding on this matter.

8. In conclusion, because [Arnold] was subject to the risks of the general public and has been unable to show an increased risk, he was not in the course of his employment at the time of his accident and

3

therefore is not entitled to benefits or compensation under the Indiana Worker's Compensation Act.

(App. 7-9) (citations omitted). The Full Board adopted the Single Hearing Member's findings and conclusions as its own.

DECISION

When reviewing a decision made by the Worker's Compensation Board, we neither reweigh the evidence nor assess the credibility of the witnesses. *Obetkovski v. Inland Steel Industries*, 911 N.E.2d 1257, 1260 (Ind. Ct. App. 2009), *trans. denied*. We are bound by the factual determinations of the Board and may only consider errors in the Board's conclusions. *Id.* While we are not bound by the Board's legal conclusions, we will disturb the conclusions only if the Board incorrectly interpreted the Act. *Id.* In other words, it is within our province to draw our own legal conclusions. *Ag One Co-Op v. Scott*, 914 N.E.2d 860, 863 (Ind. Ct. App. 2009).

The Act provides compensation for employees who suffer injuries that occur "by accident arising out of and in the course of the employment . . . ." Ind. Code § 22-3-2-2(a). "Arising out of" and "in the course of" are two separate and distinct elements: the "arising out of" element refers to the causal connection between the accident and the employment, while the "in the course of" element refers to the time, place, and circumstances of the accident. *Smith v. Bob Evans Farms, Inc.*, 754 N.E.2d 18, 24-25 (Ind. Ct. App. 2001), *trans. denied*. Both elements must be met before compensation is awarded, and the person seeking compensation bears the burden of proving the elements. *Mueller v. Daimler Chrysler Motors Corp.*, 842 N.E.2d 845, 848 (Ind. Ct. App. 2006).

4

In *Global Construction, Inc. v. March*, 813 N.E.2d 1163, 1166 (Ind. 2004), our supreme court stated that "in general, to arise 'in the course' of employment, an injury must occur during work and on the employer's premises." The court went on to express the general rule that "most injuries sustained on route to or from the workplace are not covered." *Id*. (citing Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law*, § 13.01, at 13-3 (2004)). The rule "is grounded in recognition that injuries suffered while going to or coming from work are essentially similar to other injuries suffered off duty away from the employer's premises and, like those other injuries, are usually not work related." 82 Am. Jur. 2d *Worker's Compensation* § 271 (2011) (citing *Bruck v. Glen Johnson, Inc.*, 418 So.2d 1209, 1211 (Fla. Dist. Ct. App. 1982)). Thus, "the hazards encountered by an employee while going to or coming from the regular place of employment are not ordinarily incidental to the employment since the employee is exposed to dangers and risks to which all traveling persons are exposed." 1 *Modern Workers Compensation* § 111.1 (1993).

In *Global*, our supreme court cited *Donahue v. Youngstown Sheet & Tube Co.*, 474 N.E.2d 1013, 1014 (Ind. 1985) as an example of the general rule. In *Donahue*, the Court affirmed the denial by the Board of benefits for an injury an employee sustained on the way home from work. The Court reasoned that the claimant had completed her duties and clocked out and was crossing a public street when she was injured. The Court explained that because the claimant was on a public street open to and used by members of the general public, she was exposed to the same dangers as any member of the public and her injury therefore fell outside of the employment relationship. *Id*. at 1016.

The *Global* court also recognized that Indiana courts have developed exceptions to the general rule. The court cited *Reed v. Brown*, 129 Ind. App. 75, 152 N.E.2d 257 (1958), the primary case relied upon by Arnold, as an example of an exception to the rule. The Court noted that in *Reed*, this court

> early explained [that] "employment is not limited to the exact moment when the workman reached the place where he is to begin his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident."

*Id.* at 1167 (quoting *Reed*, 152 N.E.2d at 259) (citation omitted). The Court concluded that under the reasoning in *Reed* "employer-controlled parking lots and private drives used by employees have been held to be extensions of the employer's operating premises for purposes of coverage under the Act." *Id.* In *Reed*, we held that worker's compensation coverage applied after the claimant entered the employer's premises and was injured on a railroad easement that bisected the private drive on the employer's property.

Arnold recognizes that the accident in the instant case did not occur in Rose Acre's employer-controlled parking lot or private drive or on an easement bisecting Rose Acre's property; however, he argues that the public road was an extension of Rose Acre's operating premises. Specifically, he points to the stipulated evidence that Rose Acre's property line "goes to approximately the center of the roadway and that the right of way of the [public road] extends fifteen feet on each side of the center." (Tr. 20). He also points out that anyone going to Rose Acre's Cortland facility had to use the public road to access Rose Acre's driveway. Arnold argues that because the gravel drive serving as

6

Rose Acre's sole driveway ended at the public road, the road "was the sole ingress/egress point for Rose Acre's employees to report to work, [and] both the eastbound and westbound lanes in front of this entry point are premises used by Rose Acre's employees." Arnold's Br. at 10-11.

We cannot say that the Board erred in concluding that the public road was not part of Rose Acre's premises for purposes of the Act. Although Rose Acre technically owned the soil beneath the public road, it had no control over the use of the road as a public thoroughfare. As the *Donahue* court held in denying worker's compensation coverage, "[The claimant was injured while on a public road, and the hazards and dangers of his accident were common to all persons using the public road since [the employer] had no control over the use of the public right-of-way by either [the claimant] or the public at large." 474 N.E.2d at 1016. All persons using a public road experience the hazard occasioned by a left hand turn against traffic. We reject Arnold's argument that the left-hand turn into Rose Acre distinguished his use of the public road from the use made by the public at large.

Arnold also argues that he is entitled to compensation under the reasoning of *Clemans v. Wishard Mem'l Hosp.*, 727 N.E.2d 1084 (Ind. Ct. App. 2000), *trans. denied*. In *Clemans*, the employer owned the property on both sides of a public street and the claimant, after completing her duties as an employee, was injured while crossing the public street to get to the employer-owned parking garage. We held that Clemans was entitled to worker's compensation because the injury did not occur while Clemans was a member of the general public but as she crossed from her primary place of employment

7

to the employer-provided parking garage. The holding in *Clemans* is consistent with a second general rule that a claimant is eligible for worker's compensation benefits where "the employee travels along or across a public road between two portions of the employer's premises, whether going or coming, or pursuing other duties." Larson, § 13.01(4) at 13-24. In short, *Clemans* is consistent with the rule that an employee is in the course of employment when he is traveling from one part of the employer's premises to another. It does not stand for the proposition that an employee may be eligible for benefits from injuries occurring when traveling a public road from his home to his employer's sole piece of property. Thus, *Clemans* does not support Arnold's position that he was injured "in the course of" employment as he traveled to work on a public road.

## CONCLUSION

Arnold has failed to show that the Board erred in determining that he was not injured in the course of his employment with Rose Acres.[1]

Affirmed.

BAKER, J., and BAILEY, J., concur.

---

[1] We make no determination as to whether Arnold's injuries "arose out of" his employment with Rose Acres.

8